## GEORGE W. YANDLE V. JOSEPH J. KINGSBURY.

1. SUMMONS IN REPLEVIN; *Indorsement by Clerk.* In an action of replevin a petition was filed, and a summons and order of delivery were issued at the same time. The summons was regular on its face, but the clerk indorsed thereon that "the plaintiff claims $200, and interest thereon." At the first term of court thereafter, this indorsement was stricken from the summons as irregular and unauthorized, on plaintiff's motion, who thereupon obtained leave for a new summons to issue. At this stage of the proceedings a motion to set aside the order of delivery was made by the defendant, and refused by the court. *Held,* That the first summons was good, and that the court did not err in refusing to set aside said order of delivery.

2. MEASURE OF DAMAGES, *in Replevin.* In an action in replevin, where the property in controversy has a usable value, the value of the use of such property during the time of its wrongful detention may be recovered as proper damages.

### *Error from Bourbon District Court.*

REPLEVIN, brought by *Kingsbury*, to recover the possession of a span of horses, a colt, and a set of harness, alleged to have been wrongfully taken and wrongfully detained by *Yandle*. The action was commenced in Labette county district court in May 1872, where certain proceedings were had which are noticed in the opinion of the court, *infra*. A trial was had in March 1873, resulting in a verdict for the plaintiff, which verdict was set aside by the court, and a new trial awarded. The action was then removed, on motion and application of *Yandle*, to the district court of Bourbon county, where it was tried at the September Term 1873, C. W. B., judge *pro tem.*, presiding. Verdict and judgment for *Kingsbury*, plaintiff, for a recovery of the possession of the property, or for its value, assessed at the sum of $200, and for $500 damages for the wrongful taking and detention of the property. New trial refused, and judgment on the verdict. The material facts are stated in the opinion of the court, and the dissenting opinion, *infra*. *Yandle* brings the case here on error. (No briefs on file.)

Yandle v. Kingsbury.

*Hulett & McCleverty*, for plaintiff in error.

*McComas & McKeighan*, for defendant in error.

The opinion of the court was delivered by

KINGMAN, C. J.: This was an action of replevin, brought by defendant in error. The defendant (plaintiff in error) gave the required undertaking, and retained possession of the property. Two errors are alleged. The first is, that the court erred in refusing to set aside the order of delivery, because no action was commenced or pending at the time the motion to set aside the order was made. The condition of the case at the time was this: The petition was filed, and a summons and order of delivery were issued at the time. The summons was regular on its face, but the clerk indorsed thereon that the plaintiff claimed $200, and interest thereon. At the first term of court this indorsement was stricken from the summons, as irregular and unauthorized, on plaintiff's motion, who thereupon obtained leave for a new summons to issue. At this stage of the proceedings the motion to set aside the order of delivery was made, and refused — and we think correctly refused. The first summons was good. It was all that was necessary to bring the defendant into court. How far the indorsement thereon might have affected the extent of plaintiff's right of recovery, had the defendant remained in default, we need not inquire. The indorsement, when stricken out, did not invalidate the summons; nor did the issue of a new summons change the status of the case. The action was pending, because a petition had been filed, and a summons issued thereon.

The other question raised in the case is as to the measure of damages. The action was replevin. The defendant gave bond under § 182 of the code, and retained possession of the property. The property consisted of a mule, a mare, a colt, and a set of harness. The jury found for the plaintiff, and found the mule worth $90, the mare $80, the colt $15, and the harness $15, (total, $200.) The colt had strayed away

and come into possession of the plaintiff soon after the suit was instituted. The court instructed the jury that the plaintiff, if entitled to a verdict, was entitled to recover as damages, "the actual worth of the use of the property, above the expense of keeping the same, from the time it was wrongfully detained by defendant." The jury returned a verdict for five hundred dollars damages for the detention of the property. The large disproportion between the value of the property, as found by the jury, and the damages they returned, naturally raises the question as to whether the rule laid down by the district court is correct. The plaintiff in error claims that the only damages recoverable are, interest on the value of the property for the time it was wrongfully detained. It may be stated as a general rule in replevin, that such is the measure of damages; but though this is a general rule, it is by no means a universal one; and one of the most generally recognized exceptions is, where the property in controversy has a usable value. In such case, the owner's damages are the loss of the use of the property for the time it is detained, and nothing less than this is a compensation for his injuries. In the case of *Allen v. Fox*, 51 N. Y. 562, the learned judge delivering the opinion of the court has suggested a number of supposable cases where interest would be a grossly inadequate compensation; but in none of the cases that occurred to him would interest only as damages be such a mockery of the term as is presented in this case. From the record we learn that the mare and mule made a team, and the only one owned by defendant in error, and used by him for carrying on his farm; that on the 21st of May they were seized by the plaintiff in error without a pretext of ownership, and retained for sixteen months and seven days, until the final trial, plaintiff in error avowing that his object was to prevent the owner from making a crop, and thereby breaking him up, and compelling him to leave the neighborhood, saying to more than one witness that he would only have to pay interest on the value of the property seized. For this loss the plaintiff in error thinks that $18.96 (the interest at seven per cent. per annum on $200 for sixteen

months and seven days,) would be an adequate compensation, as the defendant in error could have readily bought another team, as it was a species of property common in the country, and there was no difficulty in the defendant in error buying another team at a reasonable price; and had he have done so, the only damage he would have sustained would have been the use of the money for the time. It might be an answer to this reasoning to say, that on the plaintiff in error's own declaration, the owner could not buy another team as he was not able to do so, a condition of things not uncommon in a new country. While this answer ought to be conclusive, so far as this plaintiff in error is concerned, it is not such an one as should be laid down as the basis of a rule; and a better one is at hand. The object of the plaintiff in replevin is the possession of his property. If he succeeds in his suit, he is compelled to take the property, if the defendant so wills. Then the plaintiff has (if he has bought in the mean time) two teams, when he wants but one, while the defendant has had the use of one of them, by merely paying interest on the value of the property. This would not be compensation, which is the real object in damages, wherever damages are allowable at all. It is true, that general rules will not in all cases give adequate damages; but it is the object of the law to do so whenever such a result does not break down some settled rule of law.

The judgment of the court below will be affirmed.

VALENTINE, J., concurring.

BREWER, J.: I am unable to concur with my brethren in this case, and will state briefly my views thereon. This was an action of replevin brought by defendant in error to recover the possession of a mare, a colt, a mule, and a set of double harness. The defendant gave a bond and retained the property under §182 of the code. Subsequently the plaintiff obtained possession of the colt, while the defendant retained the mare, the mule, and the harness. The jury found for the plaintiff, and valued the mare at $80, the colt

at $15, the mule at $90, and the harness at $15. They also assessed the plaintiff's damages for the detention at $500. This action was commenced immediately after the defendant had taken possession of the property, but the case was not tried and the verdict returned until about sixteen months thereafter, and during all this time defendant had possession of the mule, the mare, and the harness. So far as any actual damage is concerned, the only testimony was that of plaintiff, that he was a farmer, and lived on his farm; that he used this team to carry on his farm, and that the use of it was worth two dollars a day. Other witnesses also testified that the use of a team was worth from two to three dollars a day. Upon this the court charged, that the measure of plaintiff's damages was "the actual worth of the use of the property, above the expenses of keeping the same, for the time it was wrongfully detained by defendant." It is evident at a moment's glance that there is something wrong about this verdict. The property actually detained by Yandle is only worth $185. It is a kind of property abundant in the community, and easily obtained. There is nothing in the property, or the use to which it was put, peculiar, or that would give it a value over other similar property. Yet the use for a year and a third is found to be worth nearly three times the value of the property. Surely this cannot be so. The apparent injustice of this verdict has led me to to examine the question with care, and notwithstanding some confusion in the authorities I have come to the conclusion that the rule laid down by my learned associates is not correct, and that interest on the value is, in this case, the full extent of the damages properly recoverable.

Where the action is for the conversion of the property, and in the nature of trover, it is unquestioned that the measure of damages is, ordinarily, the value at the time of the conversion and interest. Sedgwick on Measure of Dam. ch. 19, p. 474, and cases cited in notes; *McDonald v. North,* 47 Barb. 530; *Forsythe v. Wells,* 41 Penn. St. 291; *Suydam v. Jenkins,* 3 Sand. 614; *Single v. Schneider,* 30 Wis. 572. And I think

the same principle is applicable where the action is replevin, and for the recovery of specific property, at least in those cases in which the successful party's claim is based upon a full title. It must be noticed that this question of damages may arise under three distinct forms in this action. In the first place, the plaintiff may obtain possession of the property at the outset of the action, and by the final judgment be held entitled to such possession. In such a case, the possession having been obtained at the commencent, no damages can be awarded for anything transpiring subsequently thereto. Only such damages can be given as resulted from a prior wrongful detention. Such an action was that of *Arthur v. Wallace*, 8 Kas. 267; and it was in reference to such a state of facts that the language quoted by counsel from the opinion in that case was used. If demand was necessary to make the detention wrongful, as in that case, the time of inquiry would be limited to the period between the demand and the obtaining of possession. And indeed it may be said to be a general rule, that only such damages can be awarded as accrued during a wrongful detention. Again, the question may arise when, though the property is seized by the officer, yet the defendant gives bond and retains the property, and thereafter is by the judgment found entitled to such possession. Here, as the possession of the party entitled thereto has not been except temporarily disturbed, only nominal damages would be proper, except in such rare cases as show that the temporary interference with defendant's possession has wrought special injury. And the rule is general, that where wrong is done, and special injury is wrought thereby, damages may be recovered therefor. A third class embraces those cases in which the plaintiff having obtained possession at the commencement of the action, a return is awarded by the judgment to the defendant, and those like the present, in which the defendant having given bond and retained the property, or without bond concealed and retained the property, the judgment awards the possession to the plaintiff. In these cases the action is more like

trover, for the judgment does not recognize and confirm a possession at the time rightfully existing, but declares the possession then existing wrongful, and decrees a change, and, for fear such actual change·may be impossible, fixes the value to be paid in case the change is not made. It is therefore often in its results nothing but a recovery of damages for the wrongful conversion of property. Indeed, the wrongful seizure by the plaintiff under the writ in the first instance, and the retaining of the property by the defendant by giving· bond, or concealment in the last two instances, is almost tantamount to a conversion. Now in· order to make the principle of the rule of damages in trover fully applicable in replevin, one other fact must be noticed, that is, that personal property through lapse of time and use is changing its value, and this change must be taken into account in the estimate of damages. For surely, if personal property worth $100 at the time it is wrongfully taken deteriorates fifty per cent. in value during the continuance of the wrongful detention, the owner is not compensated by a simple return of the property and legal interest, and the wrongdoer ·has profited by his wrong. If however, the decrease in value be added to the interest, the owner is properly compensated, and the wrongdoer properly punished. It may be remarked here, that our statute, as well as kindred statutes in other states, requires that the jury fix the value of the property, and that the judgment be for the recovery or return of the property, or the value thereof in case a recovery or return cannot be had. At what period is this value to be estimated? . Obviously the value at the time of the trial. The value is to be an equivalent to the property, and a value at any other time would scarcely ever be such. Nothing in the statute forbids such a construction, and it is in consonance with the spirit thereof, and secures justice between the parties. Of course, it would not be proper to estimate the interest upon this value, for there might have been a great depreciation in value pending the detention. It should be based upon the value at the time the wrongful detention commences. I conclude therefore,

14—17 KAS.

that outside of cases of special and exemplary damages the rule of damages in cases of replevin, with the exception heretofore indicated, is the decrease in value, if any, during the wrongful detention, and interest for the same length of time on the full value at the time the wrongful detention commenced. If the change in the value during the detention has been an increase, this increase is secured to the party entitled to the possession, by the return of the property or the payment of the value fixed by the jury, which value includes the increase. See upon the questions here considered, Sedgwick on Measure of Damages, p. 499, and cases cited in notes; *Single v. Schniede,* 30 Wis. 572; *Page v. Fowler,* 39 Cal. 412; *Brizsee v. Maybee,* 21 Wend. 144; *Suydam v. Jenkins,* 3 Sandf. 614; *Rowley v. Gibbs,* 14 Johns. 385; *Young v. Willett,* 8 Bosworth, 486; *Fwinam v. Swart,* 3 Lansing, 263. The case of *Allen v. Fox,* 51 N. Y. 562, while it partially supports the views herein expressed, attempts to draw a distinction based upon the character of the articles replevied. It seems to concede that the rule is correct as to such articles as grain, hay, wood, etc., ordinary articles of merchandise, but claims that it is not as to horses, wagons, boats and such things as have what it terms a "usable value." As to these, it claims that the "value of the use" is, as charged by the district court here, the measure of damages. It seems to me this distinction is not well founded, and that the rule is generally, and for all articles of property, as I have stated. There can be little difficulty in applying this rule to the different classes of cases heretofore noticed. In the first, where the plaintiff obtains the property at the commencement of the action, it is unnecessary for the jury to assess any value. The property is already in the possession of the party entitled to it. The damages would be the decrease in value, if any, from the time the wrongful detention commenced, till the restoration of the property, and interest on the value at the time such wrongful detention commenced. In the second class, the detention is temporary, and the decrease and interest can only be trifling. In this also it is unnecessary to assess any value. In the

third, the value should be assessed, and as of the date of the trial. The damages here may become a considerable element in the full and just compensation to which a party is entitled, but are to be reached in the manner above indicated.

I have confined myself in the consideration of this question to those cases in which the successful party bases his claim upon a full title. Where there is only a special and limited ownership, other considerations may affect and modify this rule. The opinion of the Chief· Justice places some stress on the poverty of the plaintiff, his inability in consequence of that poverty to purchase another team, and the apparent malice of the defendant. But surely these matters are entirely extrinsic. True, where special damages are alleged, they may be recovered. Where malice is alleged, exemplary damage may be recovered. But here, neither is alleged; and the rule laid down must apply to a case exactly the reverse, and where the plaintiff is wealthy, or has many teams, and the only malice apparent is in his own conduct. It must be the universal rule in all cases where the property has what is called a "usable value," no matter what the circumstances or conduct of either party. If the defendant had killed the animals instead of taking possession of them, there can be no question but that the value and interest would have been the measure of damages. Has the plaintiff suffered any more injury by the defendant's taking possession of them? It seems to me that the rule laid down by my brethren will result in just such outrages as in my judgment is the verdict in this case.\* Surely, no better speculation could the plaintiff make than in having his property wrongfully taken by his neighbors.

[\*The rule laid down by the majority of the court, determining the measure of damages in replevin, is adhered to in the subsequent cases of *Ladd v. Brewer*, post, pp. 204, 209, and *Bell v. Campbell*, post, pp. 211, 212.]