HOMER KENNETT V. CATHARINE E. FICKEL.

1. REPLEVIN—*Set-off.* A person who wrongfully takes and detains personal property of another cannot plead a set-off as a defense in an action of replevin brought by the owner for the recovery of such property.

2. ———— *General Denial; Evidence.* Under a general denial in an answer filed in a replevin action the defendant may show that some one other than the plaintiff is the owner and entitled to the possession of the property claimed, and thus show that the detention by the defendant is not wrong against the plaintiff.

3. VALUE — *Competent Witness.* A farmer living in the neighborhood where certain farm horses are sold, who knows their value, the character of work done by them upon the farm, and has hired horses to do such work for himself, is qualified to testify what the value of the use of such a team is.

4. ———— *Evidence.* Testimony that persons other than the plaintiff claimed the property is not admissible unless it is shown or offered to be shown that the right claimed is derived through the plaintiff or owner of such property.

5. ———— *Measure of Damages.* In a replevin action the measure of damages for the wrongful detention of property which has a usable value is the value of the use of the same while it is so detained. (*Yandle v. Kingsbury,* 17 Kas. 195.)

*Error from Cloud District Court.*

REPLEVIN. Judgment for plaintiff *Fickel,* at the October term, 1885. The defendant *Kennett* brings the case here. The opinion states the facts.

*Sturges, Kennett & Peck,* for plaintiff in error.

*L. J. Crans,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin brought by Catharine E. Fickel, to recover the possession of two mares alleged to be wrongfully detained by Homer Kennett, together with damages for their detention. The claim of the plaintiff was that she was the absolute owner of the mares, and that no one else had any interest or right of possession to them. The

theory of the defendant appears to have been that the property was owned by the husband of the plaintiff, Geo. W. Fickel, and that it was included in a mortgage which he had given to the defendant. The jury found that the property belonged to Mrs. Fickel, and that she was entitled to the possession of the same; and from the testimony in the record there can be little doubt that the finding was correct. The value of one mare was assessed at $117 and the other at $105, and the damages for the wrongful detention by Kennett were assessed at $130. Judgment followed the verdict.

The first point made is, that the court erred in striking out all of Kennett's answer except a general denial. This answer consisted, first, of a general denial; and second, a cause of action upon a promissory note alleged to have been executed by George W. Fickel and Catharine E. Fickel, which was pleaded by way of set-off. In pleading the set-off it was incidentally stated that George W. Fickel had an interest in the property, and also that one Henry Perry claimed to be the owner, and had replevied the same from Kennett, which action was still pending and undetermined. He asked that both of these parties be brought in, and for judgment upon his promissory note for the sum of $247 and interest thereon. The court ruled correctly in striking this count from the answer. The second cause of action, setting forth a set-off, cannot be pleaded as a defense in an action of replevin. Such an action is founded upon the tort or wrong of the defendant, and not upon contract; and § 98 of the code specifically provides that "a set-off can only be pleaded in an action founded on contract." If either of the parties named owned and had the right of possession to the property, and the plaintiff wished to rely upon that fact, he could have shown it under the general denial. (*Wilson v. Fuller,* 9 Kas. 176; *Yandle v. Crane,* 13 id. 344; *Bailey v. Bayne,* 20 id. 657; *Holmberg v. Dean,* 21 id. 73.) It was neither necessary nor proper to bring in additional parties.

A continuance of the case was asked by the defendant because from the condition of the docket he supposed the case would not be reached or tried at that term of court, and also

because of an absent witness.   It does not appear that defendant had any right to assume that the case would not be tried at the time and term it was assigned for trial, nor that sufficient time was not given to try a case of this character. Neither does it appear that he had exercised sufficient diligence to obtain the testimony of the absent witness; and hence there was no error in denying his motion for a continuance.

There is an objection to the testimony of a witness who stated that the use of the team of mares was worth a dollar a day during the time which Kennett detained them, it being argued that he was not shown to be competent to testify to the value of such use.   This is a groundless objection.   The witness was a farmer living in the neighborhood, who stated that he knew the value of farm horses and of the horses in controversy; knew the character of work generally done by horses upon a farm, and had observed these horses while engaged in such work, and had hired horses to do such work for himself, and was therefore well qualified to testify what the value of the use of such a team was.

Complaint is made of the ruling of the court in refusing to admit in evidence the records in the replevin suit between Henry Perry and the defendant Kennett, which was pending and undetermined, and in which Perry claimed the right of possession to the property in question, and also in excluding testimony of transactions had with George W. Fickel, her husband.   It was not shown, nor offered to be shown, that Perry claimed any title or right of possession under Mrs. Fickel, who was clearly shown to be the owner of the mares. It was useless to inquire as to the merits of the Perry action, unless he claimed the right of possession to the property through the action of its owner.   The notes and mortgages executed by George W. Fickel, which did not relate to the property in controversy or with which Mrs. Fickel had no connection, were properly excluded from the case.   She could not be divested of her property without her consent by the action of her husband, even if he intended to include the same in the mortgage which he made.

Error is predicated on the refusal of the court to admit testimony showing the price for which the horses were sold by Kennett after he had taken them from the plaintiff. The price for which the horses were sold was not controlling, nor is the market value established by a single or exceptional sale. While the testimony might have been admitted as tending to show the market value, it is not the best evidence of which the case admitted, and there appears to have been no difficulty in obtaining testimony as to the value. Certainly there was no error in this case, as the person who purchased the mares from Kennett was afterward permitted to testify when and where the animals were sold, and the price which he paid for them.

Another point is made upon the charge of the court. When the property was seized by the officer upon the writ of replevin, a bond was given by Kennett, under which he retained the property. He requested an instruction that if the jury found for the plaintiff, the measure of recovery would be the value of the property, with interest on the same at 7 per cent. from the time the property was taken. The court refused this request, and instead advised the jury that the measure of damages for the wrongful detention of the property was the value of the use of the same during the time it was detained. The property was shown to have a usable value, and therefore the correct rule was given to the jury. (*Yandle v. Kingsbury,* 17 Kas. 195; *Ladd v. Brewer,* 17 id. 204; *Bell v. Campbell,* 17 id. 211.)

The remaining objections are of even less importance than the ones we have referred to, and are not worthy of consideration.

The judgment of the district court will be affirmed.

All the Justices concurring.