No. 20,575.

W. H. CORNWELL, *Appellee,* v. W. W. MOSS, as Sheriff, etc., et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. REPLEVIN—*Evidence—Partnership—Interest of Partners in Property Involved.* Upon an examination of the evidence it is held to be sufficient to sustain a finding of the jury that plaintiff and another were partners in a farm enterprise and that he was the owner of a half interest in the personal property and entitled to the possession of the same as against the defendant.

2. SECOND APPEAL—*Issues Determined on Former Appeal.* Ordinarily, a decision of questions which were presented upon a former appeal or which were involved and might have been raised therein will be deemed to be the law of the case in a subsequent appeal where the issues are substantially the same, and herein it is held that the appellant in the second appeal is concluded on certain questions by the decision in the first appeal.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed January 6, 1917. Affirmed.

*C. A. Leland, K. M. Geddes, Ralph B. Ralston,* and *G. P. Aikman,* all of El Dorado, for the appellants.

*A. L. L. Hamilton,* and *B. R. Leydig,* both of El Dorado, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action of replevin brought by W. H. Cornwell to recover some live stock taken by The Farmers and Merchants National Bank of El Dorado, under a chattel mortgage. This is the second trial of the cause, an appeal having been taken from the judgment on the first trial. (*Cornwell v. Moss,* 95 Kan. 229, 147 Pac. 824.) At the last trial the jury found the plaintiff to be the owner of an undivided half interest in the property, valuing his interest at $383.50, and assessed damages in the sum of $671.50 because the bank wrongfully deprived plaintiff of the use of his property. The defendants appeal.

The relations of the parties and the facts giving rise to the plaintiff's claim of ownership appear in the former opinion.

(*Cornwell v. Moss,* supra.)  Two questions are presented on this appeal:  (1) Was the relationship between Phillips and the plaintiff in their farm enterprise a partnership, and (2) If there was such a partnership, can the plaintiff recover the usable value of the property wrongfully detained by the defendant bank.

In the former trial the jury made no special findings of fact.  It does not appear how they arrived at their verdict that the plaintiff was the owner of a half interest; whether by virtue of the partnership contract with Phillips or through his purchase from Gann.  On the appeal the cause was remanded for a new trial because evidence as to the prior mortgage was excluded, the court holding that the exclusion of this evidence would be material error if the jury had found (as they may have done) that Cornwell's half interest was acquired through the purchase from Gann.  In the last trial substantially the same issues were presented for determination as in the first and the verdict of the jury in the last involves a finding that a partnership existed between Phillips, the owner of the unimprovel land, and the plaintiff who was to operate it.

On the contested issue of an equal partnership in the personal property there is testimony sufficient to sustain the finding of the jury.  Evidence was produced to the effect that Phillips and the plaintiff would carry on the farm operations as partners, each to furnish one-half of the personal property necessary to operate it, and each to have one-half the products of the farm or of that which resulted from the sale of personal property which they had upon the farm.

There is a contention that even if the partnership agreement was made the plaintiff failed to comply with it in respect to furnishing his share of the property used in operating the farm.  It appears that the plaintiff furnished stock and implements of considerable value, and that Phillips also contributed considerable stock, the value of which is not fully shown.  It is said that a mortgage upon the team of mules furnished by plaintiff was paid by Phillips, but there is testimony tending to show that in return for this payment plaintiff broke prairie, built fences, hauled material and performed other work for plaintiff outside of the partnership arrange-

ment. No controversy appears to have arisen between Phillips and plaintiff as to compliance with the agreement that each should furnish one-half of the property necessary for operating the farm, and, therefore, there is little reason for or right in the defendant to raise that question. Quite a number of business transactions were had between Phillips and the plaintiff, including the division of the proceeds of the farm, and a complete settlement of all matters, including the payment made by Phillips on the mortgaged mules, was made, and a balance of $382 was found to be due to Phillips, which was paid. This settlement stands unchallenged between them. On the question of the plaintiff's interest in the property involved, the verdict of the jury, based as it is on the evidence, must be deemed to be conclusive on this appeal.

The plaintiff being the owner of a half interest in the property, the question arises, Was he entitled to the usable value of the property wrongfully detained from him? It is contended that on account of the relationship of the parties, the usable value of plaintiff's interest in the property is not recoverable, but the questions sought to be raised by the defendant on this issue appear to have been concluded by the decision in the former appeal. The issues in the case are substantially the same as those involved in the review of the first judgment. In the former appeal the trial court instructed the jury that if the plaintiff was the owner and entitled to the possession of the property, or an undivided interest therein, and the defendant wrongfully deprived him of its possession, he would be entitled to recover the value of its use. On that appeal the defendant, in his brief, complained not of the rule of law stated in the instruction, but that the value fixed for the use was excessive. This complaint was examined and not sustained, the court saying:

"Where the property detained has a usable value in excess of the legal rate of interest, that is the ordinary measure of damages for the wrongful detention of personal property (34 Cyc. 1562), and this rule has been applied even where the amount allowed for its use for a short time has greatly exceeded the value of the property itself (*Yandle v. Kingsbury,* 17 Kan. 195)." (*Cornwell v. Moss,* 95 Kan. 229, 231, 147 Pac. 824.)

The questions as to the value of the use were directly involved in the former appeal, and were there determined, or

might have been raised and determined therein. The rules laid down in the instruction's then given became the law of the case in the subsequent trial, and from the record and decision on that appeal the trial court was warranted in assuming that the principles stated in the instructions given on the first trial might be safely stated and applied on the second trial. (*Headley v. Challiss,* 15 Kan. 602; *Estes v. Zinc Co.,* 97 Kan. 774, 156 Pac. 758; 3 Cyc. 398; 4 C. J. 1093, 1100.)

The judgment of the district court is affirmed.