No. 22,455.

JOHN SANSONE, *Appellee*, v. THE STUDEBAKER CORPORATION
OF AMERICA, *Appellant*.

### SYLLABUS BY THE COURT.

1. SALE—*Automobile—Notes and Chattel Mortgage—Wrongful Possession Taken by Mortgagee.* The defendant sold an automobile to the plaintiff and took a chattel mortgage thereon to secure the payment of part of the purchase price. In the order for the automobile the plaintiff stipulated that the title to and the right of possession of the automobile should remain in the defendant until the purchase price should be fully paid. The chattel mortgage did not provide for taking the automobile if the defendant felt itself insecure. Immediately after the sale and delivery of the automobile, the defendant took it from the plaintiff without his consent. *Held,* That the taking was wrongful.

2. SAME—*Automobile—No Rescission of Contract—No Estoppel.* The contract of sale was not rescinded by returning to the plaintiff the money, notes and other papers given for the automobile, and the plaintiff was not estopped by retaining the money and papers, nor did he waive thereby his right of action, if the automobile was taken without his consent.

3. SAME—*Wrongful Possession of Personal Property—Damages.* The person from whom personal property that has a usable value is wrongfully taken has a right to recover that usable value as actual damages, and a finding of such actual damages will support a verdict and judgment for punitive damages.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed February 7, 1920. Affirmed.

*A. L. Berger,* of Kansas City, *O. H. Dean, W. D. McLeod, H. M. Langworthy, James P. Kem,* all of Kansas City, Mo., and *John F. Cotter,* of South Bend, Ind., for the appellant.

*A. J. Herrod,* and *H. S. Roberts,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover damages for the wrongful taking from him of an automobile which had just been sold to him by the defendant. Judgment was rendered in favor of the plaintiff for $550, and the defendant appeals.

In Kansas City, Mo., the plaintiff purchased a used automobile of the defendant for the sum of $775, of which $100 was paid in cash, and the remainder was to be paid in installments, each of which was represented by a promissory note signed by the plaintiff, and all the notes were delivered to the defendant. The plaintiff executed to the defendant a chattel mortgage on the automobile, which chattel mortgage stipulated that:

"If said John Sansone, 415 Kansas Ave., K. C., Kansas, shall default in the payment of said indebtedness, or any part thereof, when the same shall become due and payable, or if he shall sell or attempt to sell, remove or attempt to remove said property out of Wyandotte county, Kansas, at any time before said indebtedness is fully paid and discharged, whether the same be due or not, then it shall be lawful for the said Studebaker Corporation of America or anyone in their name, to take possession of said property, wherever it may be found and sell the same in any manner they shall think fit and out of the proceeds arising from said sale, pay off said indebtedness, or so much thereof as shall be unpaid, together with the costs and expenses of said sale, and the overplus, if any there be, shall be paid to the said John Sansone, 415 Kansas Ave., Kansas City, Kas."

The plaintiff signed an order for the automobile in which he stated that:

"The title to and right of possession of said motor car shall remain in you until conveyed or until the full purchase price is paid in money."

When the order for the automobile had been signed, the $100 had been paid, the notes had been executed, and the chattel mortgage had been given, the automobile was delivered to the plaintiff, and he and another person by the name of Terry drove it away. A Mrs. Anderson was also in the automobile at that time. They drove to the home of Mrs. Anderson, in Kansas City, Mo., where she and the plaintiff remained for about an hour. When they came out of the house, Terry drove the automobile to a street crossing to turn around. While at the crossing, Mr. Gutting and another person, employees of the defendant, drove up to Mr. Terry, and Mr. Gutting demanded possession of the automobile. Possession was there given. Mr. Gutting then drove to the home of Mrs. Anderson, told the plaintiff that the deal could not go through, and left with the plaintiff the $100 that had been paid, the notes and the other papers concerning the transaction. When the money

and papers were handed to the plaintiff, he said to Mr. Gutting, "This is a hell of a way to do business." The plaintiff retained the money, the notes, and the papers.

The plaintiff intended to use the automobile in the jitney business between the stockyards and Kansas City, Mo. Four days later he purchased another automobile. The testimony tended to prove that the profits derived from the use of that automobile ran from $10 to $25 a day. The plaintiff sued for $1,000 actual damages and $500 punitive damages. The jury returned a verdict for $1,500. The court directed that $950 of the verdict be remitted, which was done, and judgment was rendered for $550.

1. It is contended that, "The defendant had a right to take possession of the automobile under the provisions of its agreement with the plaintiff, provided it could do so without force or fraud." This contention is based on the terms of the chattel mortgage and of the order for the automobile. It had just been sold and delivered to the plaintiff. There had been no breach of the conditions of the chattel mortgage. It did not provide that if the defendant felt itself insecure it might take possession of the automobile, and did not contain any other equivalent stipulation. The automobile had been sold in Kansas City, Mo., and had not reached Wyandotte county, Kansas, when the defendant retook it. Neither the chattel mortgage nor the provision in the order that, "The title to and right of possession of said motor car shall remain in you until conveyed or until the full purchase price is paid in money," justified the defendant in taking the automobile from the plaintff immediately after the sale had been made.

2. The next contention presented is that the "plaintiff can not maintain an action, in any event, after acquiescing in the defendant's taking the automobile and accepting and retaining the money and notes paid." This contention is based on the argument that there was a rescission of the contract; that the plaintiff is estopped from demanding the value of the automobile, or of its use; and that the plaintiff, if he had any right of action, had waived that right. This argument is based on the fact that the $100 paid, and the notes and papers given in the purchase of the automobile, were returned to the plaintiff and were retained by him. Rescission, estoppel and waiver

were questions of fact. They were submitted to the jury by the instructions, and the jury by its general verdict found that the defendant took the automobile from the plaintiff against the plaintiff's will; therefore, this contention of the defendant fails.

3. The defendant insists that the plaintiff is not entitled to more than nominal damages for the reason that there was no competent evidence to show actual damages. The plaintiff introduced evidence concerning the business in which he intended to use the automobile. That evidence tended to prove that the profits on such use would have been $10 to $25 a day. Four days after the purchase of the automobile, the plaintiff procured another one. During those four days, he was deprived of the use of the automobile sold to him by the defendant. He lost the value of that use. At that time the use of an automobile for the transportation of persons for pay was an established business, and the profits derived therefrom could be ascertained with reasonable certainty. From the evidence to show such profits, the value of the use of the automobile could be ascertained. The plaintiff was entitled to recover the value of that use. (*Yandle v. Kingsbury,* 17 Kan. 195; *Ladd v. Brewer,* 17 Kan. 204; *Bell v. Campbell,* 17 Kan. 211; *Palmer v. Meiners,* 17 Kan. 478; *Kennett v. Fickel,* 41 Kan. 211, 21 Pac. 93; *Werner v. Graley,* 54 Kan. 383, 38 Pac. 482; *Bank v. Showers,* 65 Kan. 431, 70 Pac. 332; *Reeves v. Bascue,* 76 Kan. 333, 335, 91 Pac. 77; *Cornwell v. Moss,* 95 Kan. 229, 231, 147 Pac. 824; Id., 99 Kan. 522, 524, 162 Pac. 298.) These were actions in replevin. There can be no difference in the measure of damages where property is wrongfully taken in an action in replevin and where property is wrongfully taken without a writ of replevin. The value of the use of the property taken can be recovered in either kind of action.

Evidently, when the court directed a remission of $950, it reduced the actual damages found by the jury from $1,000 to $50. The sum of $50 as the value of the use of the automobile was supported by the evidence, which tended to show that the profits of the automobile during the four days in which the plaintiff was deprived of its use were from $10 to $25 a day. The loss to the plaintiff was actual damage, such as will sustain a judgment for punitive damages, if the acts of the defend-

ant were malicious or wanton. The maliciousness or wantonness of the defendant was submitted to the jury by the instructions, and the jury again found against the defendant. That finding is conclusive if there was evidence from which the jury could reasonably conclude that the defendant had acted either maliciously or wantonly. The defendant took the automobile away from the plaintiff almost immediately after selling it to him. That warranted the jury in finding that the defendant acted maliciously or wantonly.

The judgment is affirmed.