Werner v. Graley.

ROSA WERNER *et al.* v. M. V. GRALEY.

1. REPLEVIN — *Wrongful Detention — Measure of Damages.* In an action of replevin, the measure of damages for the wrongful detention is ordinarily the interest on the value of the property while wrongfully detained; but where the property has a usable value, the value of the use of the property while it is so detained is a proper measure of damages.

2. SCHEDULE — *Incompetent Evidence.* A schedule of the articles taken, with the estimated value of each, prepared by the plaintiff some time before the trial, is not competent testimony to establish what articles were wrongfully taken and the value of the same.

3. VALUE — *How Determined.* The value of the property taken is to be determined from its value at the time and place when and where it was taken, and is to be proven by witnesses who are able to state the value at that time and place.

*Error from Sedgwick District Court.*

THE facts sufficiently appear in the opinion herein, filed December 8, 1894.

*Amidon & Conly,* for plaintiffs in error.

*H. G. Ruggles,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: M. V. Graley brought this action to recover the possession of a set of tinner's tools, stock, and some manufactured tinware, from Rosa Werner and Emil Werner. For some time Graley had occupied a portion of the storeroom of Kearney & Parsons, who had a stock of hardware, in Wichita. They executed a chattel mortgage on their stock of hardware to Rosa Werner, to secure a debt of $3,000 which they owed to her. Afterward, she, by her husband and agent, Emil Werner, took possession of the stock of hardware under the chattel mortgage, and at the same time they also took possession of the tinner's tools, stock and ware claimed by Graley in this action. The property in question was in the rear of the store building, and some of the man-

ufactured tinware was upon the shelves of the storeroom, but, according to the testimony of Graley, all of the property claimed by him was kept separate from the general stock of hardware belonging to Kearney & Parsons. The claim of the Werners was, that if Graley had any interest in the goods, he had given the possession of them to Kearney & Parsons, and permitted them to be mingled with the hardware stock of Kearney & Parsons, and that, when he learned that the Werners had a mortgage on the stock of hardware, he did not inform them that he was the owner of the tinner's tools, stock, and tinware, and for that reason he is estopped from claiming them, as against the claim of the purchaser under the mortgage sale. At the trial, the jury returned a verdict in favor of Graley, fixing the value of the property at $420.40, and the damages for its detention at $491.

There appears to be sufficient testimony to sustain the claim of ownership of Graley, and sufficient, too, to show that the property was not so mixed with that of Kearney & Parsons as to affect the title of Graley or subject the property to the mortgage lien of the Werners. Their mortgage only covered the property of the mortgagors, and we find nothing in the circumstances or in the conversations between Werner and Graley that would lead either to understand that the mortgage covered any other property than that belonging to Kearney & Parsons.

It is contended that there was error in the admission of testimony to establish the value of the property, and that incompetent testimony was received to show the value of the use of the property which was detained. There were some grounds for these contentions. There were about 75 different articles replevied, and, instead of naming the articles and giving their value, Graley, some time before the trial, prepared a schedule of the whole, attaching to each article an estimate of its value, and the schedule so made was admitted in evidence. It is true, he testified that he was

2. Schedule—
   incompetent
   evidence.

acquainted with its contents and knew that the values set opposite the articles were correctly

given, but none the less it was secondary evidence, and upon objection, should have been rejected. If that practice was approved, a witness might write out his testimony in advance, hand it to the court and jury in a lump, with the statement that it was true. There is no objection to the use of the schedule made by himself about the time the property was taken, to refresh his memory as to what property was taken, but testimony of what articles were actually taken, and their value, must be orally given by the witness before the court and jury, or in a deposition.

In attempting to show the value of the tools and other articles, another witness was permitted to take the bills and books showing the costs of such things at wholesale in Chicago and St. Louis, and to repeat from them what the cost prices were. He was unable to fix their value upon his own information and judgment, and could only do so by a reference to the list of the wholesale prices taken from such bills and books, and then he made a certain rate of discount for the expense of bringing them to Wichita. The testimony should have been confined to the value of the articles and wares at Wichita at the time they were taken, and such testimony should have been given by some one competent to state the value at that time and place.

3. Value, how determined.

There is a further contention that the damages allowed for the detention of the property were excessive, and should have been no more than the interest on the value of the property at 7 per cent. from the time it was taken. It would seem from the testimony that the amount allowed was very large, if not excessive, but it cannot be held that the measure of damages in all such cases is the interest on the value of the property while wrongfully detained. In some cases it has been held that, where property has a usable value, the measure of damages is the value of that use while it is detained. (*Bell v. Campbell,* 17 Kas. 211; *Kennett v. Fickel,* 41 id. 211.) In this case it appears that the tinner's tools have a usable value, and as to them testimony as to such value was admissible. The measure of

1. Replevin—wrongful detention—measure of damages.

damages for the detention of the stock and manufactured ware would be the rule contended for, to wit, interest on the value of the same during the time they were detained.

For the errors mentioned, there must be a reversal of the judgment and a new trial.

All the Justices concurring.