THE STATE BANK OF STOCKTON v. ELIZA J. SHOWERS.

No. 12,485.  (70 Pac. 332.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Motion to Strike from Pleading.* It is not error to refuse to strike from a pleading the statement of a legal conclusion, where the facts upon which such statement rests are fully set out.

2. —————— *Report of Referee—Exceptions.* Exceptions to the report of a referee may, by order of court, be referred back to the referee, to be made, by the party making them, more clear and intelligible as to the ground of exception already contained therein.

3. —————— *Office of Referee.* A referee is an officer of the court, and, as such, is under its lawful supervision for the purpose of the accomplishment of justice in the matter which has been referred to him.

4. REPLEVIN—*Measure of Damages.* The rule for the ascertainment of damages in replevin actions laid down in *Yandle v. Kingsbury*, 17 Kan. 195, 22 Am. Rep. 282, and *Werner v. Graley*, 54 id. 383, 38 Pac. 482, approved and followed.

Error from Rooks district court; CHARLES W. SMITH, judge.   Opinion filed October 11, 1902.   Affirmed.

*S. N. Hawkes*, for plaintiff in error.

*W. H. Pratt, W. N. Moore*, and *F. W. Burlin*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: Plaintiff in error brought this action against the defendant in error on a note given by her and in replevin for the recovery of certain personal property mortgaged to secure the same. The property was delivered to the plaintiff. No redelivery bond was given, and it was sold after due advertisement. Plaintiff answered with a general denial, and also specifically alleged that the note sued on was the last of a series of transactions running through several years, in which transactions sufficient usurious interest had been paid fully to discharge the indebtedness sued on, and contained this further allegation :

"That of the consideration expressed in said note of $199.23, executed October 30, 1898, and to secure which the mortgage in this action was given, $195.44 was for excessive and usurious interest theretofore charged to and exacted from the defendant by said plaintiff."

A motion was made by the plaintiff to strike out this allegation because it was a conclusion of law and not a statement of fact. This motion was overruled, but at the same time the court required the defendant to set out copies of the several notes evidencing the prior transactions, which was done. The refusal to strike out this allegation constitutes the first ground of error. Technically, perhaps, this should have been stricken from the petition, but no material error arises from the court's refusal to do so. The facts were finally all presented upon which this legal conclusion was based. This being an action in replevin, probably nothing more that a general denial was necessary.

The issues having been joined, a jury trial was waived by both parties, and the case referred to a

referee, who, having qualified, proceeded in accordance with the order of the court to hear and determine the facts.  His conclusions were against the defendant.  Whereupon she filed her motion for a new trial before the referee, and, also, her exceptions to the report, based upon various claims of erroneous construction of the evidence introduced before him, and of erroneous deductions from this evidence.  The referee having reported all of the proceedings before him to the district court in due time, the plaintiff filed its motion for judgment on the report, and the defendant asked that the report be set aside.  These motions were continued by the court, and leave given to the defendant to withdraw his bill of exceptions for the purpose of amendment and certification.  Subsequently the case was referred back to the referee for additional findings.  This was done, and at the same time an amendment to the exceptions was made and filed, such amendment consisting of the evidence heard by the referee.  The two motions on behalf of the respective parties were again presented to the court.  Whereupon a motion of the defendant to set aside all of the findings of the referee was sustained, and the case subsequently taken up and tried to the court without the intervention of a jury, without objection on the part of either party.

The evidence introduced in this trial is not preserved in the record.  A meager and brief abstract of portions of it appears, but very material and controlling testimony does not appear.  The court made very exhaustive and full findings of fact, the record showing that each and all of these findings were supported by abundant evidence.

It is urged that the court erred in refusing to render judgment for plaintiff upon the original report of the

28—65 KAN.

referee, and in referring the case back for the purpose of additional findings, and this, because no sufficient bill of exceptions was filed.   A bill of exceptions, however, was filed.   It seems to have been incomplete in some more or less material matters and lacked the certification of the referee.   The amendment which was made in no way enlarged the scope of the original bill of exceptions ; it simply made clear and intelligible the grounds already set forth.   The office of the bill of exceptions is to express the dissatisfaction of the excepting party with the report of the referee and the reasons for such dissatisfaction.   We think this was fairly accomplished by the bill as originally filed.   It gave the court jurisdiction to investigate these objections, and to require the referee to make it more clearly speak concerning the things already found therein.   The referee is an officer of the court, and, as such, is under its lawful supervision for the purpose of the accomplishment of justice in the matter which has been referred to his consideration.   If, upon proper exceptions, it reasonably appears that his report is not sustained by sufficient evidence, or is against the evidence, it becomes the duty of the court to set it aside.   In general, the findings do not become binding until they have received the approval of the court.   (17 Encyc. Pl. & Pr. 1054.)   Like the granting of a new trial, greater latitude must be given and presumptions indulged in, in support of the action of the court, where the report has been set aside, than where the contrary action has been had.   It does not appear from the record upon what ground the court concluded to set aside the referee's report.   We must assume that it was for good and sufficient reasons.   We find no error in this matter.

Considerable space is given in the argument to

propositions arising upon the evidence. If for no other reason, we cannot go into this, as the evidence is not fully preserved.

It is further urged that certain items of evidence were introduced by the defendant over the objections of the plaintiff. One of these related to the rate of interest charged, oral testimony concerning which plaintiff claims was not the best evidence. Another is as to proof of certain items which were not pleaded in the answer. Another is as to the value of the use of the property taken as an element of damage, it not being claimed in the answer. It is sufficient to say as to all these claims that no proper objection appears to have been made to the introduction of such evidence.

The personal property taken consisted of two mares, three cows, one heifer, and some hogs. In estimating the damage to the defendant by the wrongful taking of this property, the court added to the value of the use of the usable property its usable value from the time of taking to the date of judgment, and to the value of the rest of the property interest thereon for the same time. It is claimed that the usable value should not have been included in the damages, but rather the interest on the value of all property at the time of the taking. The court adopted the proper rule. (Civil Code, § 185, Gen. Stat. 1901, § 4619; *Yandle v. Kingsbury*, 17 Kan. 195, 22 Am. Rep. 282; *Werner v. Graley*, 54 id. 383, 38 Pac. 482.)

The judgment of the district court will be affirmed.

All the Justices concurring.