# JANUARY TERM, 1903.

### PRESENT:

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. WILLIAM R. SMITH,
Hon. EDWIN W. CUNNINGHAM,
Hon. ADRIAN L. GREENE,          } Justices.
Hon. JOHN C. POLLOCK,
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,

GEORGE T. EDWARDS v. O. C. BRICKER.

No. 12,457.   (71 Pac. 587.)

#### SYLLABUS BY THE COURT.

1. REPLEVIN—*Action on Bond—Proof of Value.* The plaintiff
in replevin, after the property had been turned over to him by the
sheriff, dismissed his action. *Held*, that, in an action for dam-
ages against one of the plaintiff's sureties on the replevin bond,
the affidavit made by an agent of the party bringing the replevin
action was not admissible as evidence of value. Value depends
on what the property was worth at the time of the taking.

2. ———— *Measure of Damages.* In an action of the kind men-
tioned in the preceding paragraph, the plaintiff cannot recover
attorneys' fees and expenses incurred in preparing his defense to
the replevin suit, nor show injury to his business as an element of
damage.

Error from Chautauqua district court; C. W. SHINN,
judge.   Opinion filed February 7, 1903.   Affirmed.

*Fitzpatrick & Shukers*, for plaintiff in error.

*W. H. Sproul*, for defendant in error.

16—66 KAN.

The opinion of the court was delivered by

SMITH, J. : One Goldstein brought an action of replevin in the district court against George T. Edwards for the recovery of a lot of clothing and underwear, alleged to be worth $274. The property was seized under the replevin writ and delivered to the plaintiff, who thereafter dismissed his suit without prejudice. This was an action brought by Edwards on the replevin bond against the defendant in error, a surety for Goldstein, for the value of the goods taken and for damages for their detention. There were verdict and judgment against the bondsman for ninety-five dollars, but plaintiff in error complains that, by adverse rulings of the trial court, he was prevented from recovering a higher and adequate amount.

It is contended that the court erred in excluding the affidavit in replevin made by one Murphy, the agent of Goldstein. It was offered by the plaintiff below on the question of value. We see no error in this ruling. In the present case Goldstein was not a party to the action. It is a general rule that the value of the property taken is to be determined by what it was worth at the time and place it was taken, and must be proved by the testimony of witnesses who are able to state its value at that time and place. ( *Werner v. Graley*, 54 Kan. 383, 38 Pac. 482.)

The court below refused to allow plaintiff in error to introduce testimony showing the amount paid by him for expenses, including attorneys' fees, in defense of the replevin action. This was not error. If the plaintiff below, who was the defendant in replevin, had litigated in that action the amount of his damages, attorneys' fees and expenses incurred in the preparation and conduct of his defense would not have been

recoverable.   He had his option, after the dismissal of the replevin suit, either to proceed in that case to have his damages assessed for the taking and detention of the property, or to recover them in an independent action on the replevin bond.   He chose the latter course, but by so doing the measure of his damages was not changed or increased.   The offer of proof to show injury to the plaintiff's business by way of enhancing his damages was properly rejected.   Such damages are too remote.

We cannot say that the verdict of the jury was not sustained by the evidence.   While a larger amount might have been awarded, yet, on a question of value, dependent largely on the testimony of experts, the jury must be allowed a wide discretion.   The testimony showed the goods to be part of a broken stock, and counsel for plaintiff below admitted that the property taken under the replevin writ was not absolutely identical with that described in the order of delivery.

The judgment of the court below will be affirmed.

All the Justices concurring.