Williams v. Vincent.

***

### D. B. WILLIAMS v. MICA G. VINCENT.

#### No. 13,875.   (79 Pac. 121.)

##### SYLLABUS BY THE COURT.

HOMESTEAD AND EXEMPTIONS—*Bowling-alley*.  A bowling-alley is not exempt from seizure and sale on execution as the tools or implements of the keeper's trade or business.

Error from Crawford district court; WALTER L. SIMONS, judge. Opinion filed January 7, 1905. Affirmed.

*O. T. Boaz*, for plaintiff in error.

*Campbell & Campbell*, for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The single question in this case is whether a bowling-alley is exempt from seizure and sale on execution, the term "bowling-alley" being construed to connote pieces of wood so joined as to permit a plane surface 42 inches wide and 72 feet long, and wooden pins and wooden balls, all used in the

game of bowling. The party claiming the exemption is the head of a family, has no income except revenue derived from the use of the alley, and the amount of money received from that source is not greater than the reasonable necessities of life require.

The decision turns upon the meaning of the eighth subdivision of section 3018 of the General Statutes of 1901. The statute reads:

"Every person residing in this state, and being the head of a family, shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property: . . . Eighth, the necessary tools and implements of any mechanic, miner, or other person, used and kept in stock for the purpose of carrying on his trade or business, and in addition thereto, stock in trade not exceeding four hundred dollars in value."

By section 3019 a like exemption is allowed in favor of a person not the head of a family, except that the word "instruments" is used in the place of "implements." Evidently the two words were meant to describe the same species of property, and should be regarded as of identical import, and decisions of this court interpreting the meaning of section 3019 are authoritative when applied to section 3018.

Tools and implements are usable articles employed as means to effect an end. A mechanic works upon wood, metal, and other substances, and fashions them into desired forms or structures. That is his trade, or business. The production of the desired form, or structure, is the end in view. Tools and implements are employed to bring about the desired result. The miner digs minerals from the interior of the earth; the matter of extracting the coveted substance and

bringing it to the surface is his trade, or business. In order to conduct it he uses tools and implements.

The exemption law names the mechanic and the miner. Not wishing to compile a catalogue of all tool-using trades, the framers of the statute followed these two particular descriptions by the words, "or other person," and their meaning is other persons obliged to use tools or implements to carry on their trades, or business, in the same way that a mechanic or miner requires tools and implements to carry on his trade or business.

The rule of interpretation employed is known technically as that of *ejusdem generis*. It requires that the meaning of general terms be restricted by particular words preceding them ( *Small v. Small*, 56 Kan. 1, 14, 42 Pac. 323, 30 L. R. A. 243, 54 Am. St. Rep. 581 ), and it was applied by this court to the section of the statute now under consideration in the case of *Guptil v. McFee*, 9 Kan. 37.  In the opinion in that case Mr. Justice Valentine said :

"The words of the eighth section [subdivision] were intended to comprehend a class of citizens who earn their livelihood by the use of tools and implements, in whole or in part.  A man may derive his principal support from some business in the exercise of which tools and implements are necessary, and still not be strictly a mechanic or miner.  Such persons were intended to be included by the words 'or other person,' in this subdivision of the act, and it should read, 'the tools and instruments [implements] of every mechanic, miner, or other person, *to the exercise of whose trade or business tools or implements are necessary.*'"

It is obvious that the bowling-alley cannot be used as a requisite to an end like a saw and plane, or a hammer and anvil, or a pick and shovel.  Its keeper has no object to accomplish beyond its mere main-

tenance for hire.   He has no trade, or business, be-yond the mere keeping and letting.   All notions of use and of instrumentality are wanting, and unless an article be adapted to employment as a utensil in the execution of some design or the production of some result after the analogy of the tool or implement of the mechanic or miner the protection of the statute does not extend to it.   This distinction is plain from all the cases.

A lamp, show-cases, tables and other pieces of per-sonal property used by a jeweler in the business of manufacturing and repairing watches and jewelry are exempt, because used by him in promoting a me-chanical enterprise.   (*Bequillard v. Bartlett*, 19 Kan. 382, 27 Am. Rep. 120.)

Cheese-vats, cheese-presses, curd-knives and other appliances used by a woman in making cheese are ex-empt.   They are tools and implements necessary to her business of making cheese.   (*Fish v. Street*, 27 Kan. 270.)

An iron safe, a set of abstracts, a cabinet and a table used by an abstracter in his business of making and supplying abstracts of title to persons desiring them are exempt.   The trade or business is that of an ab-stracter of titles.   The safe and other articles named are means whereby the abstracter carries on that busi-ness, through which he procures a livelihood.   (*Da-vidson v. Sechrist*, 28 Kan. 324.)

A printing-press and printing materials employed in editing and publishing a county newspaper are tools and implements of the editor, printer, and publisher. (*Bliss v. Vedder*, 34 Kan. 57, 7 Pac. 599, 55 Am. Rep. 237 ; *Jenkins v. McNall*, 27 id. 532, 41 Am. Rep. 422.)

The harness and buggy of a man earning a living by driving through the country soliciting life insur-

ance are true implements when kept and used by the owner for the purpose of carrying on his business of insurance.   ( *Wilhite v. Williams*, 41 Kan. 288, 21 Pac. 256, 13 Am. St. Rep. 281.)

The tools of a tinner engaged in putting tin roofs upon buildings are exempt because they are necessary to carry on that kind of work.   (*Miller v. Weeks*, 46 Kan. 307, 26 Pac. 694.)

The omnibus of a hotel-keeper used to carry guests to and from his hotel, and necessary for the successful conduct of the business of keeping a hotel, is an implement of that vocation.   ( *White v. Gemeny*, 47 Kan. 741, 28 Pac. 1011, 27 Am. St. Rep. 320.)

In all of these cases the debtor was engaged in some trade, or business, as a means of support, as an incident to which he was obliged to resort to the agency of some article or appliance as a means of effecting the ultimate end, and such use alone converted the article into a tool, or implement, within the meaning of the law.

The distinction between tools and implements which the debtor must use in order to perform some work in which he is engaged, and articles which may be kept for other purposes, is illustrated in the fourth subdivision of the third section of the exemption law (Gen. Stat. 1901, § 3018), which withholds from the reach of process, among other things—

"one sewing-machine, all spinning-wheels and looms and all other implements of industry, and all other household furniture not herein enumerated, not exceeding in value five hundred dollars."

Household implements of industry are analogous to the tools of a trade, but other household furniture, within the limit of value, may consist of pictures upon the walls, mere ornaments, furniture for a guest-room

or furniture for persons who may pay for board or rent rooms in the house.    (*Rasure v. Hart*, 18 Kan. 340, 26 Am. Rep. 772.)

By virtue of the same principle the lamp, show-cases, tables and other utensils of the jeweler in *Bequillard v. Bartlett, supra*, when kept and used as an adjunct to his business of keeping a jewelry store, were not exempt; and if the tinner's tools in *Miller v. Weeks, supra*, had merely formed a part of the defendant in error's stock of hardware they would have been mere merchandise.

The debtor claims that he has the same rights as the fiddler in the case of *Goddard v. Chaffee*, 2 Allen, 395, 79 Am. Dec. 796, and enforces his argument by an illustration from the thrilling drama of Richelieu, as follows:

"As around the sacred form of his beloved niece the aged cardinal drew the magic circle of the church at Rome, the precincts of which no myrmidon of the temporal law dare penetrate, so around certain things the people of this commonwealth have erected a barrier to penetrate which no court can issue a writ sufficiently forceful, and among these certain things are 'the necessary implements of a person used and kept in stock for the purpose of carrying on his business.'"

The fiddler, however, could operate his own fiddle with some profit; but the debtor in this case might enter his alley in the morning when the sun's flamboyant beams of gold and fire first break upon the still and pulseless world and stay there until its expiring rays ensanguine the cloud heaps of the west with an angry dye, making the vibrant earth to tremble with the thunder of his rumbling balls and shivering the circumambient air with the crash of his stricken pins without making a cent, or even arousing a suspicion that he was at work, or was using the tools and

implements of any kind of trade or business; but, more than this, he does not claim that he is even a bowler, engaged in the business of bowling, and that he cannot work at his trade except by the aid of his alley; and until he does something equivalent to this, and establishes himself on the plane of the woman making cheese, by showing that his alley is an instrumentality in the same sense as her vats and presses and curd-knives, it is subject to the payment of his debts.

The judgment of the district court is affirmed.

All the Justices concurring.