Jackman v. Lambertson.

-------

H. F. JACKMAN, *as Executor, etc.,* v. N. LAMBERTSON.

No. 14,038.     (80 Pac. 55.)

SYLLABUS BY THE COURT.

1. EXEMPTIONS—*Proprietor of Thrashing Outfit.* A person residing in this state who is the head of a family and whose principal business is the running of a thrashing-machine is included in the phrase "or other person," as used in subdivision 8 of section 3018, General Statutes of 1901.

2. ——— *Thrashing-machine Exempt.* The thrashing-separator, traction-engine, belts, and all parts necessary to constitute a thrashing-machine, kept by such person for the purpose of carrying on his business of thrashing, are "implements," under said subdivision 8, and, together with all tools necessary to operate the same, are exempt to such resident head of a family while used for the purpose of carrying on such business.

3. ——— *Chattel Mortgage—Joint Consent Necessary.* While such thrashing outfit is used and kept for such purpose by such resident head of a family, if he be a man and have a

wife he cannot create any valid lien on the same except by the joint consent of himself and wife, and a mortgage given thereon under such circumstances, while the relation of husband and wife exists, is invalid unless executed by both husband and wife.

Error from Ottawa district court; ROLLIN R. REES, judge. Opinion filed March 11, 1905. Reversed.

*Thompson & King,* for plaintiff in error.

*F. D. Boyce,* for defendant in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: This case was tried in the court below without the aid of a jury, and the court made the following succinct findings of fact and conclusions of law:

### "FINDINGS OF FACT.

"1. On the 24th day of October, 1900, J. W. Reichard and Harriet Reichard, his wife, made, executed and delivered to F. Kreager a certain chattel mortgage upon one J. I. Case thrashing-machine, with all belts, etc., to make the machine complete, one twelve-horse-power engine, and one cook shack and trucks.

"2. The above-described mortgage was given to secure a note for $500, which has never been paid, and which is an asset in the hands of H. F. Jackman, as executor of the last will and testament of F. Kreager, deceased, said Kreager having died since the execution and delivery of said note and mortgage.

"3. This mortgage was filed in the office of the register of deeds of Ottawa county, Kansas, on the 27th day of October, 1900, and was not renewed until the 8th day of August, 1902, when a renewal affidavit was indorsed thereon in the office of said register of deeds; and said mortgage was again so renewed on the 7th day of August, 1903.

"4. On the 6th day of December, 1901, said J. W. Reichard made, executed and delivered to the plaintiff a chattel mortgage on said engine and separator, Harriet Reichard not joining therein, or consenting thereto. Said mortgage has been renewed from time to time, and is still in full force and effect.

"5. Said last-mentioned mortgage was made to the plaintiff to secure a note for $138.86 due from the said J. W. Reichard to the plaintiff, which said note is still due and remains unpaid.

"6. At the time the plaintiff obtained said mortgage he had no actual notice of the existence of the mortgage to Kreager.

"7. During all the times herein mentioned said J. W. Reichard was a married man, the head of a family, and a resident and citizen of Ottawa county, Kansas, and was in possession of the mortgaged property at the time the last mortgage was executed.

"8. Since 1898 the said J. W. Reichard has been engaged in the trade or business of operating the above-described thrashing machinery during the thrashing seasons of each year in Ottawa county, Kansas, except when prevented by sickness. These thrashing operations were usually conducted during the fall and summer of each year, and during the winter months he was engaged to some extent in fishing and trapping; but his principal business, and that from which he derived his principal support, was that of a thrasher.

"9. That such thrashing machinery was necessary to carry on said J. W. Reichard's trade or business as a thrasher, and that he had no other thrashing machinery.

"10. That at the time of the commencement of this action the defendant was in the possession of said property, which he refused on demand to surrender to plaintiff, and that the value thereof was $200."

"CONCLUSIONS OF LAW.

"1. That a thrashing-machine is not absolutely exempt, like the articles mentioned in the fifth subdivision of section 3, but is only exempt to the head of a family when it is necessary for the purpose of carrying on his trade or business.

"2. That under the circumstances disclosed by the evidence in this case such thrashing-machine was, during the years 1900 to 1903, inclusive, exempt property.

"3. That where a mortgage is made upon property that is not absolutely exempt, such mortgage is not absolutely void because the wife did not join in, or consent to, the execution of such mortgage, but is only voidable.

"4. That a prior mortgagee who has neglected to renew his mortgage for more than a year after it was recorded is not in a position to question the validity of a second mortgage, accepted in good faith without knowledge or notice of the existence of the prior mortgage, made before any attempt to renew the first mortgage, on the grounds that the property covered by such subsequent mortgage is exempt and that the wife of the mortgagor did not join therein.

"5. That in this case the judgment should be for the plaintiff for the recovery of the property, or the value thereof, and the costs of suit."

No exceptions are taken to the findings of fact, or to conclusion of law No. 2. It is contended, however, by the plaintiff that section 3018 of the General Statutes of 1901 makes no distinction between property absolutely exempt, such as the cook-stove and wearing apparel of a family, and property which is or is not exempt according as it may or may not be used and kept for the purpose of carrying on the business of the owner, so far as the ability of the husband-owner to create a valid lien thereon by mortgage without the joint consent of his wife.

We think the plaintiff in error is right in this contention, and, consequently that conclusion of law No. 3 is erroneous; and, if so, conclusions Nos. 4 and 5 are also erroneous.

There is no such distinction under the statute as the court below attempted to make between personal property absolutely exempt and personal property not absolutely exempt. The thrashing-machine, with all its parts, was either exempt to Reichard, or it was not exempt, at the time Reichard executed the mortgage in question to Lambertson. The court in its findings of fact and conclusions of law found, and we think correctly, that it was exempt at that time. The court also found that Harriet Reichard, the wife, did not join in the mortgage to Lambertson, or consent thereto. Therefore, under the provisions of the stat-

ute, Lambertson's mortgage is invalid. Under the findings, Reichard and wife did join in the mortgage to Kreager, deceased, and that mortgage was valid against the makers thereof although no renewal was filed for more than twenty-one months after the filing of the mortgage. No renewal affidavit was necessary as against the makers thereof.

The case is therefore reversed, and remanded with instructions to render judgment in favor of the plaintiff in error on the facts as found.

All the Justices concurring.