## REEVES & CO. v. D. BASCUE.
### No. 15,159.    (91 Pac. 77.)
#### SYLLABUS BY THE COURT.

1. EXEMPTIONS—*Traction-engine and Sawmill—Tools and Implements.* A traction-engine and the saws, belts, carrier, and other appliances commonly used in connection with such an engine for sawing logs and making lumber, are tools and implements within the meaning of subdivision 8 of section 3018, General Statutes of 1901, and are exempt to an owner who is a resident of the state and the head of a family, where they are necessary to, and are personally used by, him in carrying on the business of sawing logs and converting them into lumber.

2. CHATTEL MORTGAGES—*Exempt Property—Signature of Wife Required.* A mortgage given upon such appliances by the owner, without the consent or signature of his wife, is invalid.

Error from Crawford district court; ARTHUR FULLER, judge. Opinion filed July 5, 1907. Affirmed.

*Ryan & Phillips,* for plaintiff in error.

*T. J. Karr,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by Reeves & Co. to recover possession of a traction-engine and sawmill used in connection with it for the sawing of lumber. Bascue purchased a part of a thrashing outfit from plaintiff, and to secure payment of a portion of the purchase-price executed a chattel mortgage on the machinery in controversy. He failed to make

Reeves v. Bascue.

one of the payments when it became due, and the plaintiff thereupon secured possession of the property under a writ of replevin.

The principal defense made by Bascue was that the chattel mortgage, under which the plaintiff claimed the right of possession, was. void. The basis of this claim was that he was a married man, the head of a family; that the property was exempt; and that as his wife did not join him in the execution of the chattel mortgage it was void.

The trial resulted in a judgment in favor of the defendant for the possession of the property, or its value, placed at $650, and also for $357.50 as damages for the wrongful detention of the property.

The plaintiff complains, and contends that the engine and other appliances for sawing lumber constitute a manufacturing plant and cannot be classed as the necessary tools and implements of the defendant's business. His principal business, it appears, is sawing timber into lumber of various dimensions and forms. He did use the traction-engine in thrashing for a brief time during the thrashing season, but the sawing of lumber appears to have been his principal occupation. Aside from the traction-engine, which is portable, the saws, carrier, belts, etc., are said to be such as can be moved in a farmer's wagon. Were they exempt? The statute provides that there shall be exempt to a resident of the state who is the head of a family "the necessary tools and implements of any mechanic, miner, or other person, used and kept in stock for the purpose of carrying on his trade or business, and in addition thereto, stock in trade not exceeding four hundred dollars in value." (Gen. Stat. 1901, § 3018, subdiv. 8.)

It will be observed that the fact that the tools and implements are large and heavy does not take them out of the operation of the statute. Nor is there any limit placed on the number, character or value of the tools and implements protected by the exemption. It is enough that they belong to the mechanic, miner or

other person, that they are necessary, and are personally used for the purpose of carrying on his trade or business. If he uses the tools and implements in person and performs a considerable portion of the work himself, it would seem to be immaterial whether he is called a manufacturer or a mechanic. A liberal interpretation is given to statutes of exemption, and following the one already placed upon this provision in *Jackman v. Lambertson,* 71 Kan. 138, 80 Pac. 55, the appliances in controversy must be held to be exempt. In that case a traction-engine and a separator, belts and other parts of a thrashing outfit were held to be implements within the meaning of the exemption statute, and it was further held that a chattel mortgage given by the owner of an exempt outfit in which his wife did not join was invalid.

In another case it was held that a printing plant used by the head of a family for printing a newspaper, a business to which he devoted the greater part of his time, some of the work being done by himself but the larger part by his employees, constituted tools and implements within the meaning of the statute and was exempt. (*Bliss v. Vedder,* 34 Kan. 57, 7 Pac. 559, 55 Am. Rep. 237.)

The engine and sawmill being exempt, the mortgage given thereon, without the consent or signature of Bascue's wife, is without validity and gave Reeves & Co. no right of possession. (Gen. Stat. 1901, § 4255; *Skinner v. Bank,* 63 Kan. 842, 66 Pac. 997; *Alexander v. Logan,* 65 Kan. 505, 70 Pac. 339; *Jackman v. Lambertson,* 71 Kan. 138, 80 Pac. 55.)

The objection to striking out a portion of the plaintiff's reply is without merit, and we find nothing substantial in the objections made to the rulings on the admission of testimony. The defendant asked for damages resulting from the wrongful taking and detention of the property, and was entitled to show and recover the usable value of the property from the time of the taking to the date of judgment. (*Yandle v.*

*Kingsbury*, 17 Kan. 195, 22 Am. Rep. 282; *Werner v. Graley*, 54 Kan. 383, 38 Pac. 482; *Bank v. Showers*, 65 Kan. 431, 70 Pac. 332.) He was also entitled to recover for the injury to the property while it was unlawfully detained.

There was sufficient proof to sustain the findings of the court, and its judgment is affirmed.