278 F.2d 546
 Richard L. CANTRELL, Trustee in Bankruptcy, Appellant,
v.
MOLZ-FRICK IMPLEMENT COMPANY OF WICHITA, KANSAS, and Robert Roth, Bankrupt, Appellees.
In the Matter of Robert ROTH, Bankrupt.
 No. 6265.
 United States Court of Appeals Tenth Circuit.
 April 29, 1960.
 
 James W. Sargent, of Jochems, Sargent & Blaes, Wichita, Kan., for appellant.
 Norman G. Maben, of Blake, Jones, Bell & Maben, Wichita, Kan., for appellees.
 Before MURRAH, Chief Judge, and BRATTON and LEWIS, Circuit Judges.
 MURRAH, Chief Judge.
 
 
 1
 This is an appeal from the Kansas District Court's affirmance of a referee's ruling that appellee bankrupt farmer's combine is exempt and therefore does not pass to appellant bankruptcy trustee for the benefit of creditors. Appellee MolzFrick Implement Company is the mortgagee of the combine.
 
 
 2
 Everyone knows that exemptions allowed by state law are preserved in federal bankruptcy proceedings. See Bankruptcy Act, § 6, 11 U.S.C.A. § 24. And, the law of Kansas declares that:
 
 
 3
 "Every person residing in this state, and being the head of a family, shall have exempt * * * the following articles of personal property:
 
 
 4
 "* * * * *
 
 
 5
 "Fifth. Two cows, 100 chickens or other domestic fowls, ten hogs, * * *.
 
 
 6
 "Sixth. The necessary food for the support of the stock mentioned in this section for one year, either provided or growing, or both, as the debtor may choose; also, one wagon, cart or dray, two plows, one drag; and other farming utensils including harness and tackle for teams not exceeding in value three hundred dollars.
 
 
 7
 "* * * * *
 
 
 8
 "Eighth. The necessary tools and implements of any mechanic, miner or other person, used and kept in stock for the purpose of carrying on his trade or business * * *." Kan.Gen.Stat.1949 § 60-3504.
 
 
 9
 The bankrupt here is a Kansas resident and head of a family, and as an "other person" within the meaning of paragraph eight would be entitled, according to the literal language of the statute, to hold his combine exempt, for it is undoubtedly a "necessary tool or implement * * * for the purpose of carrying on his trade."
 
 
 10
 Appellant takes the position however, that farmers are limited in their exemptions to those allowed by paragraph six, under which a combine would not be exempt because of the $300 limitation. Reliance is placed upon Printz v. Shepard, 128 Kan. 210, 276 P. 811, in which the court held a farmer's automobile exempt under paragraph six, indicating by its reasoning that it did not consider paragraph eight applicable to farmers. And there is also Kansas authority to the effect that a nonfarmer may not claim farm machinery as an exemption under paragraph six. See Reed v. Cooper, Adm'r, 30 Kan. 574, 575, 1 P. 822. From this appellant argues that paragraphs six and eight are mutually exclusive, six being for farmers, and eight for other persons, and explains that this statutory construction is in accord with the legislative intent not to allow any person exemptions for more than one trade, citing Jenkins v. McNall, 27 Kan. 532. No one contends, however, that appellee farmer is claiming exemptions for any endeavor but farming. And in the comparatively recent case of White Star Machinery & Supply Co. v. Roulston, 178 Kan. 481, 289 P.2d 749, a transaction involving a crawler tractor was held void for reasons unrelated to the exemption law, but upon the assumption that the tractor was exempt under paragraph eight to a man who used it "in his farming operations, but * * also * * * in dirt moving work." Id., 289 P.2d at page 751. In none of these cases, however, was our precise question, whether farmers may claim exemptions under paragraph eight, presented or decided. Nor do we believe that the Kansas court would give them controlling effect or consider them particularly helpful.
 
 
 11
 We also recognize that other jurisdictions with similar statutes apply the rule noscitur a sociis to "other persons" in conjunction with "mechanic" and "miner" to exclude farmers. See Poznanovic v. Maki, 1941, 209 Minn. 379, 296 N.W. 415. However, though Kansas embraces a similar rule of construction, it has broadly read "other persons" to mean any "* * * other person, to the exercise of whose trade or business tools or implements are necessary," and early included within this class a jeweler, a cheesemaker, an abstractor, a printer, and a life insurance broker. Williams v. Vincent, 1905, 70 Kan. 595, 79 P. 121, 122, 68 L.R.A. 634. Thus Kansas has insisted at all times upon giving effect to the manifest intent of the statute, that every Kansan who is head of a family may hold exempt his means of livelihood. To be sure, the language of the statute is directed to the more primitive agrarian economy of 1868, but the Kansas court has insisted that this manifest intent be given contemporary effect through the technique of "liberal construction." See Emporia Wholesale Coffee Co. v. Rehrig, 1953, 173 Kan. 841, 252 P.2d 590; Putnam Inv. Co. v. Titus, 125 Kan. 623, 266 P. 55. We would do no more than effectuate this sensible Kansas policy.
 
 
 12
 It is perfectly clear that a modern farmer cannot pursue his trade without appropriate tools and implements, including modern machinery such as tractors and combines. And, nowhere in the statute or the cases is it said or implied that farmers are not entitled to hold their tools exempt to the same full extent as other laborers under paragraph eight, where neither the size nor value is a limiting factor. See Emporia Wholesale Coffee Co. v. Rehrig, supra; Reeves & Co. v. Bascue, 76 Kan. 333, 91 P. 77; Jackman v. Lambertson, 71 Kan. 138, 80 P. 55. We leave it to the Kansas court to say whether in these circumstances the modern Kansas farmer has a choice between paragraphs six or eight to the exclusion of the other, or whether he may claim his chickens and hogs under five; his feed, wagon and plows under six; and under eight his combine which he uses, not only to reap his own grain, but others as well in the course of his trade or business. It is enough for us to say that in our judgment the Kansas court would not hold paragraphs six and eight mutually exclusive in the sense that the farmer is exclusively confined to his exemptions under paragraph six. We are certain he can claim his combine under paragraph eight.
 
 
 13
 The judgment is affirmed.