**In re Willie James FRIERSON, Arizona Frierson, Debtors.**

**Bankruptcy No. 80–21106.**

United States Bankruptcy Court, D. Kansas.

Nov. 3, 1981.

John M. Lostutter, Kansas City, Kan., for debtors.

F. Stannard Lentz, Shawnee Mission, Kan., trustee.

## MEMORANDUM OPINION

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for hearing on April 22, 1981, upon the trustee's objection to certain exemptions claimed by the debtors. The trustee, F. Stannard Lentz, appeared as trustee and as attorney for the trustee. The debtors appeared by John M. Lostutter.

## FINDINGS OF FACT

The material facts are not in dispute. Upon examination of the pleadings and briefs filed herein, and upon consideration of the statements of counsel, this Court finds as follows:

1. That this Court has jurisdiction over the parties and the subject matter.

2. That the debtors filed a Chapter 13 petition on October 21, 1980; and the case was converted to a Chapter 7 on January 19, 1981. The debtors were discharged on June 18, 1981.

3. That on Schedule B–4 of the petition, the debtors' claimed exemptions included: business property valued at $1,400.00, and business deposits valued at $3,732.83.

4. That the debtors claimed said exemptions under the Kansas exemption statute, K.S.A. 60–2304(1) and 60–2304(5).

5. That the debtors were self-employed, engaged in concrete and asphalt construction. The business consisted of installing driveways, sidewalks and some small structures.

6. That on March 26, 1981, the trustee objected to the $1,400.00 business property exemption on the basis that the debtors failed to specify what business property was claimed as exempt. The debtors agreed to file a brief detailing the items. Those items were:

1968 Chevrolet dump truck
1972 Chevrolet pick-up truck
1972 Buick
Bobcat
Small asphalt roller
Air compressor (not operating)
Concrete saw

The debtors valued the property at $1,400.00, given that the property was all old and well-worn.

7. That also on March 26, 1981, the trustee objected to the $3,732.83 cash deposit exemption on the basis that money or bank accounts were not exemptable under the Kansas exemption statute. The debtors contended that the account was working capital and exemptable as a "tool of trade" under K.S.A. 60–2304(5); or that money was an exemptable "supply" under K.S.A. 60–2304(1).

## ISSUES

I. WHETHER THE SPECIFIED BUSINESS PROPERTY WAS EXEMPTABLE UNDER K.S.A. 60–2304(5) AS "TOOLS OF TRADE".

II. WHETHER MONEY IN A BANK ACCOUNT, NECESSARY FOR WORKING CAPITAL IN THE DEBTORS' BUSINESS, WAS EXEMPTABLE UNDER K.S.A. 60–2304(5) AS "TOOL OF TRADE".

III. WHETHER MONEY IN A BANK ACCOUNT, NECESSARY FOR WORKING CAPITAL IN THE DEBTORS' BUSINESS, AND THUS NECESSARY FOR THE INCOME AND SUPPORT OF THE DEBTORS, WAS EXEMPTABLE UNDER K.S.A. 60–2304(1) AS A "SUPPLY".

## CONCLUSIONS OF LAW

### I.

The debtors seek the exemption of two trucks, a car, a bobcat, an asphalt roller, an air compressor, and a concrete saw, under K.S.A. 1980 Supp. 60–2304(5).[1] That section states:

---

1. Section 522(b)(2)(A) of the Code allows debtors to choose their state's exemptions in lieu of the federal exemptions. Kansas has opted out of the federal exemption package, as of April 26, 1980. K.S.A. 1980 Supp. 60–2312.

"60–2304. Personal property; articles exempt. *Every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property:*

\* \* \* \* \* \*

*(5) The books, documents, furniture, instruments, tools, implements and equipment, the breeding stock, seed grain or growing plants stock, or the other tangible means of production regularly and reasonably necessary in carrying on the person's profession, trade, business or occupation in an aggregate value not to exceed five thousand dollars."*

■ The tools of trade exemption has existed in some form or variation for many years in Kansas. To fall within the exemption, the property need not be indispensable. It is enough that the property is reasonably necessary, convenient or suitable for the production of work. *Reeves v. Bascue,* 76 Kan. 333, 91 P. 77 (1907).

■ This Court finds that the two trucks, car, bobcat, asphalt roller, air compressor and concrete saw are reasonably necessary in the debtors' asphalt and concrete business. Therefore, the items are allowed as exempt, in the claimed value of $1,400.00.

### II.

■ The debtors also want to exempt a $3,732.83 bank account under K.S.A. 1980 Supp. 60–2304(5). The debtors claim that the money is indispensable working capital for their business, and thus is a tool of trade.

The Kansas exemption statute does not exempt money or bank accounts per se.[2] Thus, the debtors raise the novel argument that money or a bank account used for working capital is a tool of trade within the meaning of K.S.A. 1980 Supp. 60–2304(5). This is a case of first impression.

In Kansas, tools of trade have been defined as implements or instruments reasonably necessary to carry out the debtor's work. *Reeves v. Bascue,* 76 Kan. 333, 91 P. 77 (1907). In *Williams v. Vincent,* 70 Kan. 595, 79 P. 121 (1905), the court said that tools of trade do not include articles as to which all character of use or instrumentality is wanting, and which are not adapted to employment as utensils in the execution of some design or the production of some result.

The Court finds that the exemption cannot be extended to capital used by the debtors for purposes of profit in the operation of their business. Although the money may be indispensable working capital, it is not used in the production of a result. It is used to keep the business operating so that the debtors can enjoy its profits. By no reasonable construction can this Court find that the money is a tool of trade within the meaning of K.S.A. 1980 Supp. 60–2304(5).

This Court further finds that money is not a tangible means of production within the meaning of K.S.A. 60–2304(5); that money is not considered a tangible, but merely a medium of exchange under the U.C.C. definition found in K.S.A. 84–1–201(24); that a bank account represents a debt owing from the bank to the depositor.

Although exemption laws are to be liberally construed in the debtors' favor, this Court will not open the door to such an obliteration of creditors' rights. The $3,732.83 bank account is not exempt.

### III.

■ Debtors further allege that the $3,732.83 is exempt as a "supply" under K.S.A. 1980 Supp. 60–2304(1). That section states:

"60–2304. Personal property; articles exempt. *Every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property:*

---

**2.** K.S.A. 60–2308 allows an exemption for pension money. K.S.A. 60–2310 places restrictions on wage garnishments. Clearly the debtors do not fall within either provision.

*(1) The furnishings, equipment and supplies, including food, fuel and clothing, for the person which is in the person's present possession and is reasonably necessary at the principal residence of the person for a period of one year."*

By the debtors' own admission, the money is in a business account and is working capital in their asphalt and concrete business. Therefore, this Court can summarily dismiss their argument that the money is necessary at the debtors' home, for their support. The $3,732.83 bank account is not exempt.

THIS MEMORANDUM SHALL CONSTITUTE MY FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER BANKRUPTCY RULE 752 AND RULE 52(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.