1. Debtors Jeffrey Scott McPheeters and Priscilla Jane McPheeters appear by their attorney, Thomas M. Mullinix of Evans & Mullinix, P.A., Lenexa, Kansas. The Chapter 7 trustee, Eric C. Rajala, also appears.

2. The state statute controls because Kansas has opted out of the federal exemption scheme. *See* K.S.A. § 60–2312(b).

**In re Jeffrey Scott McPHEETERS and Priscilla Jane McPheeters, Debtors.**

**Bankruptcy No. 93–20821–7.**

United States Bankruptcy Court, D. Kansas.

March 21, 1995.

---

Thomas M. Mullinix of Evans & Mullinix, P.A., Lenexa, KS, for debtors.

Eric C. Rajala, Chapter 7 Trustee.

### *MEMORANDUM OPINION* [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

Debtor Priscilla Jane McPheeters claims an exemption under K.S.A. § 60–2304(e) for the Mary Kay cosmetics inventory that she sells in the course of her occupation.[2] The trustee contests the exemption claim. For the reasons stated, the Court rules that the inventory is not exempt.[3]

3. The Court finds that this proceeding is core under 28 U.S.C. § 157 and that the Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984 (D.Kan.Rule 705).

The exact language of K.S.A. § 60–2304(e) applicable here comes from the 1988 amendments to the statute:

Every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property:

. . . .

(e) The books, documents, furniture, instruments, tools, implements and equipment, the breeding stock, seed grain or growing plants stock, or *the other tangible means of production* regularly and reasonably necessary in carrying on the person's profession, trade, business or occupation in an aggregate value not to exceed $7,500.

K.S.A. § 60–2304(e), L.1988, ch. 217, § 2; July 1. (Emphasis added.)

The parties have stated the relevant facts in their Final Pretrial Conference Order as follows:

A. The debtors filed their Chapter 7 bankruptcy case on April 28, 1993.

B. The separate debtor, Priscilla Jane McPheeters, is, and was at the time the case was filed, engaged in the occupation of selling Mary Kay cosmetics. She purchases the cosmetics from Mary Kay Cosmetics, Inc. at a wholesale price, and resells them to her customers at a retail price. She does not use the cosmetics as raw materials in any manufacturing or other finishing process, nor does she manufacture the cosmetics herself. However, Mrs. McPheeters does use the inventory which is required to carry on her profession.

C. At the time the bankruptcy case was filed, Mrs. McPheeters owned a quantity of Mary Kay cosmetics which had a value at her cost of approximately $2,800.

D. Mrs. McPheeters claimed the Mary Kay cosmetic inventory as exempt in Schedule C attached to her petition, under K.S.A. 60–2304(e).

E. The trustee filed a timely objection to the claim of exemption on June 14, 1993.

F. The debtors filed a timely response to the Trustee's objection on June 17, 1993.

The parties further stipulate and agree that the law governing the exemption of tools of the trade is K.S.A. 60–2304(e).[4]

The briefs cite Kansas state court cases dating from 1872 to 1920: *Guptil v. McFee,* 9 Kan. 26, 28 (1872); *Bequillard v. Bartlett,* 19 Kan. 382 (1877); *Jenkins v. McNall,* 27 Kan. 532 (1881); *Williams v. Vincent,* 70 Kan. 595, 79 P. 121 (1905); *Reeves & Co. v. Bascue,* 76 Kan. 333, 91 P. 77 (1907); *Millinery Co. v. Round,* 106 Kan. 146, 186 P. 979 (1920). They also cite Kansas bankruptcy cases covering the period from 1981 to 1989: *In re Frierson,* 15 B.R. 157, 159 (Bankr.D.Kan. 1981); *In re Currie,* 34 B.R. 745 (D.Kan. 1983); *In re Meckfessel,* 67 B.R. 277 (Bankr. D.Kan.1986); *In re Massoni,* 67 B.R. 195 (Bankr.D.Kan.1986); *Heape v. Citadel Bank of Independence (In re Heape),* 886 F.2d 280, 282 (10th Cir.1989).

Since the exemption statute involved was substantially amended in 1963 and periodically thereafter, the utility of cases before that time is limited for construing its meaning. Unfortunately, while the cases after 1963 involve the present form of the statute, they are all farm cases covering various items of farm tools rather than items similar to the Mary Kay inventory in this case.

There is, however, one unpublished bankruptcy decision involving property analogous to that before the Court in this case. *In re Stoll,* Case No. 92–12184–7, (Bankr.D.Kan. February 3, 1994). Stoll claimed an inventory of fruit and nuts exempt under the statute at issue here. He purchased the fruit and nuts in bulk, mixed and packaged them, then retailed the packages to the public. Referring to K.S.A. § 60–2304(e) and the fruit and nuts inventory, Judge Pearson found that "[c]learly no reasonable construction of the current Kansas statute allows a debtor to exempt inventory." *Id.* at 4.

I agree with Judge Pearson's ruling. The statute's use of the phrase "or the other tangible means of production regularly and reasonably necessary in carrying on the person's profession, trade, business …" takes meaning from the earlier words, "books, doc-

4. Final Pretrial Conference Order on Trustee's Objection to Claim of Exemption in Inventory filed December 3, 1993, at 2–3.

uments, furniture, instruments, tools, implements and equipment, the breeding stock, seed grain or growing plants stock...." All of these categories of property are "means of production" in the sense that without them, a debtor cannot conduct business. On the other hand, inventory held for resale is not "necessary in carrying on ... business" in the same sense. While the sale of the inventory will produce revenue, debtor may still be able to carry on her business and make a living without this particular inventory, provided she gets other inventory with postpetition capital. Without the other types of property listed in the statute, a debtor has no "tangible means of production." Inventory is distinguishable from "other tangible means of production."

Debtor's claim of exemption is denied.

The foregoing discussion shall constitute findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52(a).

IT IS SO ORDERED.