In re Ernest E. GENTRY, Debtor.

No. 03–73040.

United States Bankruptcy Court,
C.D. Illinois.

Aug. 18, 2003.

Steven C. Mills, Springfield, IL, for debtor.

Mariann Pogge, Springfield, IL, Chapter 7 Trustee.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

This proceeding is before the Court on the Trustee's Objection to Debtor's claimed exemption in a piece of Bobcat equipment.

Debtor filed his voluntary chapter 7 petition in bankruptcy on June 19, 2003. On his Schedule C—Property Claimed As Exempt, Debtor listed, among other things, "Bobcat 4800 hours". Debtor did not indicate under which subsection of the Illinois exemption statute he intended to assert the exemption, but he listed the amount claimed exempt as $750 and the current market value of the property as $1,800.

On July 3, 2003, Trustee filed her Objection to Claim of Exemption, asserting that the Bobcat was used for business and not personal purposes.

The matter came before the Court for hearing on August 13, 2003, at which time Debtor's counsel indicated that the exemption was being asserted as a tool of the Debtor's trade. Debtor's Schedule I indicates that the Debtor is self-employed in the construction field.

■ Section 1001(d) of the Illinois personal property exemption statute exempts "[t]he debtor's equity interest, not to exceed $750 in value, in any implements,

professional books, or tools of the trade of the debtor[.]" 735 ILCS 5/12–1001(d).

 The Seventh Circuit has directed that the phrase "tools of the trade" is to be read narrowly. *In re Patterson,* 825 F.2d 1140, 1146 (7th Cir.1987). The court described the purpose of the exemption as "to enable an artisan to retain tools of modest value so that he is not forced out of his trade." *Id.*

> "Although as a matter of semantics ... 'implements' could be thought to cover machinery and vehicles as well as hand tools, this would be an incongruous interpretation. There would be no point in allowing a debtor to exempt $750 worth of equipment that might have a market value of many thousands of dollars. He would have to sell it anyway, and probably he could not replace it; certainly he could not continue to *use* it in his trade"

*Id.* (emphasis in original).

In deciding that a farm tractor could not be claimed as an exempt tool of the trade, the court stated that "[t]he tractor is not a modest implement but an expensive piece of machinery.... This can't have been what Congress had in mind in allowing an exemption limited to $750." *Id.* at 1147.

Debtor's position would fare better elsewhere and his claim of exemption would doubtlessly be sustained in some other jurisdictions. For example, in *In re Clifford,* 222 B.R. 8 (Bankr.D.Conn.1998), the court found that, under Connecticut law, machinery, even expensive machinery, can qualify as exempt tools of the trade. *Id.* at 13 (citations omitted). Other courts have held that machines may be exempt under a tool of the trade provision. In *In re La-Fond,* 791 F.2d 623 (8th Cir.1986), the court rejected the argument that large items of farm equipment may not be considered tools of the trade. In *In re Frierson,* 15 B.R. 157 (Bankr.D.Kan.1981), the court allowed a claimed exemption in, among other things, a Bobcat.

Some cases have suggested that exemption statutes should be construed in accordance with modern technology. For example, in *In re Schneider,* 37 B.R. 747, 751 (Bankr.N.D.Ga.1984), the court stated, "We must recognize that trades and uses of implements may change and evolve, and prior definitions and concepts must be revised to be consistent with technological or trade changes and uses." However, this is not the view embraced by the Seventh Circuit, and this Court is not entitled to depart from such precedent. Accordingly, Trustee's Objection to Claim of Exemption in the piece of Bobcat equipment must be sustained.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in an Opinion entered this day,

IT IS HEREBY ORDERED that Trustee's Objection to Claimed Exemption in Debtor's piece of Bobcat equipment be and is hereby sustained.