JOHN W. SKINNER, *as Sheriff, etc.*, v. THE FIRST NATIONAL BANK OF WINFIELD, KANSAS.

No. 12,157. (66 Pac. 997.)

SYLLABUS BY THE COURT.

CHATTEL MORTGAGE—*Husband and Wife—Exemptions.* A chattel mortgage executed by "either husband or wife, where that relation exists," upon personal property, some of which is "exempt by law to resident heads of families from seizure and sale," and some of which is not so exempt, is invalid as to property so exempt, and will not convey even the interest therein of the one who signs the mortgage, but is otherwise valid, and, as to the property not exempt, will convey the title of the maker.

Error from Cowley district court; J. A. BURNETTE, judge. Opinion filed December 7, 1901. *In banc.* Reversed.

## STATEMENT.

On the 1st day of August, 1893, Justin Hollister, a married man and the head of a family residing in Cowley county, executed a mortgage to the First National Bank of Winfield, which, by its terms, covered all of the horses then owned by him. Some time after the execution of this mortgage, one Daniel Edey recovered a judgment for personal labor against Hollister in the district court, and, while the mortgaged horses were still in the possession of Hollister, John W. Skinner, as sheriff, levied on all of them by virtue of an execution issued on said judgment and sold them thereunder. No claim was made by Hollister or his wife that any of the horses were exempt, nor do either of them now make any such claim. The bank brought replevin against the sheriff without causing an order of delivery to be issued, and upon the trial a stipulation was entered into by which it was agreed that the wife of Hollister would, if present, testify that, at the time said mortgage was signed by her husband and delivered to the bank, she had full knowledge of the same and consented to the signing and delivery thereof, but that such consent was not in writing, and that she did not sign or execute said mortgage; that she has not at any time, and does not now, claim any of the property described in the mortgage as exempt. This was treated as the deposition of the absent witness, and was admitted over the objections of the defendant. It did not appear to whom Mrs. Hollister gave her consent, and it was not claimed that the bank relied upon it or was deceived thereby. The mortgage was given for an antecedent debt. The bank recovered judgment for all of the horses seized by the sheriff, and the latter brings these proceedings in error.

*W. P. Hackney*, and *J. T. Lafferty*, for plaintiff in error.

*G. H. Buckman*, for defendant in error.

The opinion of the court was delivered by

ELLIS, J.: On behalf of the plaintiff in error, defendant below, it is contended that the chattel mortgage was absolutely void as to all of the property therein described because it included two horses which were exempt by law to Hollister as a resident head of a family. A second contention is that, if the mortgage was not wholly void, it was at least void as to "a span of horses." The statute (Laws 1889, ch. 176, § 1) under which plaintiff in error makes these claims is as follows:

"It shall be unlawful for either husband or wife (where that relation exists) to create any lien, by chattel mortgage or otherwise, upon any personal property owned by either or both of them, and now exempt by law to resident heads of families from seizure and sale upon any attachment, execution or other process issued from any court in this state, without the joint consent of both husband and wife; and from and after the time when this act shall take effect no such mortgage of personal property shall be valid unless executed by both husband and wife." (Gen. Stat. 1901, § 4255.)

We do not think the mortgage was wholly void, but esteem it valid, except as to two of the horses. If, instead of giving a chattel mortgage, Hollister had executed a mortgage upon his homestead and other lands without the consent of his wife, the mortgage would have been held void as to the homestead, but it would have conveyed his title to all other lands in-

cluded therein.  In an early case in the United States supreme court, Chief Justice Marshall said:

"There is a plain difference between a grant comprehending lands which may with lands which may not be granted, and one made on a fraudulent misrepresentation or illegal consideration which extends to, and vitiates, the whole instrument." (*Patterson v. Jenks et al.*, 2 Pet. 216, 235, 7 L. Ed. 402, 409.  See, also, Thomp. Homest. Exempt. § 474, *et seq.*)

In principle, we think that the rule should be the same as that which has been established in the case of homestead exemptions; and this accords with existing law, as the statute above quoted was amended (Laws 1901, ch. 103, § 1; Gen. Stat. 1901, § 4255) by adding the following: "Provided, that this act shall not be construed to invalidate any such mortgage or other lien except so far as relates to the exempt property covered thereby."

The act in terms makes it unlawful "to create any lien" upon exempt personal property.  If a penalty had been prescribed for the making of such mortgage, it would be clear that the legislature intended to render it void as to the property mentioned in the act, and we think that the concluding paragraph, which provides that "no such mortgage of personal property shall be valid unless executed by both husband and wife," fairly shows such to be the legislative intent.  It follows that two of the horses seized by the sheriff were exempt, and might lawfully be appropriated to the payment of Edey's judgment.

After a lien had been acquired on the horses by seizure under the execution for a labor debt, Hollister and his wife could not, by waiver, deprive Edey of his rights, and, for that reason, it is suggested that a grave difficulty arises in determining which two of

the horses the sheriff might have lawfully seized. If this were true, it would afford no excuse for nullifying the plain provisions of the statute, but we fail to discover any insurmountable obstacle in the way of proceeding to collect the judgment. In the case of *Rice v. Noland*, 33 Kan. 28, 31, 5 Pac. 437, 439, this court held:

"It is the duty of the officer, we think, when he is about to make a levy upon property, some of which is exempt, to notify the debtor, so that he may make a selection; and where, by reason of his absence or other circustances, he is precluded from selecting, it would then become the duty of the officer to set apart the exemption to which the debtor was entitled. (Thomp. Exempt. § 839.)"

Reasoning from analogy, it would appear plain that the sheriff ought to have selected and levied on two of the horses as the property of Justin Hollister, and, as the representative of the plaintiff in the execution, he is now entitled to retain the proceeds of two of the horses, to be by him selected. For the other horses sold by the sheriff the bank is entitled to recover.

The judgment, as to two of the horses, is erroneous, and must therefore be reversed, and the cause remanded for further proceedings in accordance with this opinion. The costs will be divided.