**In re Jackie Ray JEFFRIES, Norma Gail Jeffries, Debtor.**

**Bankruptcy No. 38102140.**

United States Bankruptcy Court,
W. D. Kentucky.

April 2, 1982.

J. R. Bartholomew, Louisville, Ky., for Kentucky Finance Co., Inc.

Jan C. Morris, Louisville, Ky., for debtors.

### ORDER

MERRITT S. DEITZ, Bankruptcy Judge.

This is a case in which both debtor and creditor agree that a camera and processor are tools of the debtor's trade as an artist, but disagree on whether a local rule regarding the filing of a lien avoidance motion has been properly followed, and the extent to which the lien may be avoided, if at all.

The creditor, Kentucky Finance, contends that the tool of trade exemption may only be used by the artist debtor and not by both that debtor and his non-artist wife, with whom he filed bankruptcy. We agree. Only the debtor who uses the specified equipment in his trade can claim that equipment as a tool of trade. The proposition is so obvious we need explain no further.

■ The creditor also correctly identifies a deficiency in the description of the property subject to Kentucky Finance's lien. The debtor has attached to his lien avoidance motion a xeroxed copy of a list of office equipment and supplies appended to his B–2 (personal property) schedule. He did not specify which items on that list of some 30 pieces of personal property the lien avoidance motion relates to, and in fact the two items subject to the lien avoidance motion, the art camera and processor, have been crossed off the list.

For that reason, the debtor has not fully complied with Local Rule 21, which requires that "All motions to avoid liens on exempt property . . . shall specifically set forth a detailed description or itemization identifying the property . . .". Failure to comply with the rule may constitute cause for denial of relief.

In spite of the inadequacy of the property description, there appears to be little doubt as to what property is subject to Kentucky Finance's lien. It would be unjustifiably harsh to deny the debtor his relief merely because of a slight procedural error. The inadequate listing was likely the result of oversight, nothing more.

■ Of more substance is the creditor's charge that the debtor has no exemptions available through which to avoid its lien on the camera and processor. Section 522(f) permits the avoidance of a nonpossessory, non-purchase money lien only to the extent such lien impairs an exemption to which the debtor would have been entitled.

Most of the property claimed as exempt is art equipment. According to the debtor's estimate, appended to his B–2 schedule, the value of equipment other than the art camera and processor exceeds $3,800. It appears that none of that equipment is subject to a purchase money security interest and is therefore exempt to the extent allowed by Kentucky law.

KRS 426.030 allows a tool of trade exemption of $300. As we have said, this can be claimed by the artist debtor, but not by his unemployed wife with whom he jointly filed this petition. The general exemption, which both debtors can claim, amounts to $1,000 per debtor. KRS 427.160. Because the equipment can be claimed exempt only under the tool of trade or general exemptions, the debtors can exempt the equipment only to the extent of $2,300.

Although the debtors' unencumbered equipment is likely not worth the debtor's initial estimate of $3,800—if it were, the trustee would no doubt have taken it for the benefit of the unsecured creditors—its value is certainly close to the $2,300 exemption limit. A perusal of the personal property list reveals that among the 30 or so pieces of equipment listed are a copy machine ($650), printing press multilith ($450), and an art waxer machine ($200). The other items are mostly valued in the $50 to $150 range. Further, the amount owed Kentucky Finance on the art camera and processor, valued by the debtor at $2,200, is only $973.72. The approximate $1,250 in equity applies toward the debtor's exemption allowance.

Based on these facts and figures it appears that the debtor's allowable equipment exemption is pushed to the $2,300 limit. Accordingly, Kentucky Finance's lien does not impair an exemption to which the debtor is entitled, and the lien cannot be avoided.

Upon the foregoing reasoning, the motion of the debtor, Jackie Ray Jeffries, to avoid the lien of Kentucky Finance is denied.

IT IS SO ORDERED.