In re Harriet Mildred SCHROEDER, Debtor.

In re Kenneth Joseph SCHROEDER, a/k/a Kenneth Schroeder, d/b/a Schroeder Earth Moving, Debtor.

FARMERS STATE BANK OF OAKLEY,

v.

Kenneth Joseph SCHROEDER.

Bankruptcy Nos. 83–40616, 83–40235. Adv. No. 83–0220.

United States Bankruptcy Court, D. Kansas.

July 1, 1986.

Jan M. Hamilton, Hamilton, Peterson, Tipton & Keeshan, Topeka, Kan., for Farmers State Bank of Oakley.

Dan E. Turner, Topeka, Kan., for debtors.

Carol A. Park, Acting U.S. Trustee, Wichita, Kan.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE C. PAINE, Bankruptcy Judge, sitting by designation.

On the 19th day of November, 1985, the following matters came on for hearing before the Court:

1. Debtors motion to avoid lien and the objection thereto of the Farmers State Bank of Oakley.

2. Objection to exemptions of the Farmers State Bank of Oakley.

3. *Farmers State Bank of Oakley v. Kenneth Joseph Schroeder*, Adversary No. 83–0220.

The debtors appeared personally and by their attorney, Dan E. Turner. The Farmers State Bank of Oakley appeared by its attorney, Jan Hamilton, of Hamilton, Peterson, Tipton & Keeshan.

On Monday, April 7, 1986, the Court announced its decision and directed Mr. Hamilton to prepare an order which reflected the decision of the Court and also directed that he prepare findings of fact and conclu-

sions of law which were not inconsistent with the Court's decision.

With respect to the motion of the Debtors to avoid the lien of the Farmers State Bank, the Court finds that Mrs. Schroeder was a full participant in the operation of the farm and she should have known that the money for the farm expense and their personal expense was coming from the funds borrowed from the bank. She has acquiesced in the loan by her use of the money.

The Debtors have contended that their primary occupation is farming and that they jointly own three pieces of machinery, crops and proceeds of crops in which the Farmers State Bank of Oakley claims a security interest. Mrs. Schroeder admitted that most of the book work relative to the farming operation was done by her and that she saw all checks except for checks on the sale of some crops in 1982 since the checks came to the house and she did handle the book work. They ran all of their affairs through one joint checking account at the Farmers State Bank of Oakley and all farming expenses, earth-moving expenses and household expenses went through this one joint account. Mrs. Schroeder also took care of the irrigation, ran the tractor, ran the combine, ran the grain cart and moved sprinklers. She conceded that the money borrowed was used for farming and operating purposes. She also stated that she handled all of the deposits and knew that checks from the Farmers State Bank of Oakley were loan proceeds. She let her husband handle all of these matters because she trusted his judgments. She knew that money had been borrowed because she handled the books and the checks and went through the checking accounts and also did not know of any instances in which the loan proceeds did not go through the checking account.

█ A spouse may validly encumber non-exempt personal property without the other spouse's consent. (K.S.A. 58-312). A lien on personal property not consented to by the spouse is void to the extent that the mortgaged property is exempt. (*Skin-*

*ner v. Bank*, 63 Kan. 842, 66 P. 997 (1902)). The facts of this case are similar to *In Re Oetinger*, 49 B.R. 41 (Bankr., D.Kan.1985). In *Redmond v. Redmond*, 229 Kan. 565, 629 P.2d 142 (1981), the Kansas Supreme Court approved *Wachholz v. Wachholz*, 4 Kan.App.2d 161, 603 P.2d 647 (1979) which essentially found that K.S.A. 23-201(b) exists in the state of Kansas to allow trial courts the flexibility to divide property as a result of the termination of a marriage by eliminating the possibility of the division creating a taxable event. Under the facts of this case, the only viable theory which would give Mrs. Schroeder a co-ownership status in the farm earnings or property purchased with farm earnings is that she is a farming partner with Kenneth Schroeder. She is in fact a partner, therefore, it is clear that one partner may obligate the other. (*Liberty Glass Company v. Bath*, 187 Kan. 54, 353 P.2d 786 (1960); *Harvey v. Palmer*, 179 Kan. 472, 296 P.2d 1053 (1956); *Potts v. Lux*, 161 Kan. 217, 222, 166 P.2d 694 (1946); K.S.A. 56-307 and K.S.A. 56-309).

█ In accordance with *In re Oetinger,* supra., the Court finds that Mrs. Schroeder is entitled to the exempt personal property she has claimed and that the same is subject to lien avoidance under 11 U.S.C. 522(f). By the same token, the Court finds that the Farmers State Bank of Oakley has a perfected security interest in all of the property which it claimed as security including a 1977 7700 John Deere combine; 1975 John Deere 4630 tractor with cab and a 1969 Caterpillar Model 633 with a 33 yard elevating scraper, together with all stored and growing crops.

█ With respect to adequate protection, the Court finds that the combine was destroyed by fire and is still on the debtors' property. The Court finds that the Farmers State Bank of Oakley is entitled to the immediate possession of that combine as it is not necessary for effective reorganization. The Court finds that the value of the combine on July 1, 1983 was $13,000.00 and that there has been $8,050.00 in depreciation from that time to the present. Since

the combine was not insured, the bank shall be entitled to an administrative expense for the damage done to the combine. The bank will pick up the combine, sell it for whatever salvage value it can obtain and that will be reduced from the value of the equipment and the bank will be entitled to an administrative expense in that remaining amount.

With respect to the Caterpillar tractor, the Court finds that it is no longer necessary for effective reorganization and that it shall be forthwith surrendered to the bank but that the bank shall be entitled to $8,250.00 in depreciation over the past two year period of time, and shall be accorded an administrative expense priority in this bankruptcy.

With respect to the tractor, the Court finds that the depreciation is $3,700.00 and that amount shall be classified as an administrative expense as well.

With respect to the depreciation, the figures recited above are to the date of the hearing in this case and the depreciation shall continue from and after the date of the hearing and any depreciation after the hearing will be also considered as an administrative expense.

With respect to the tractor, the debtors shall make monthly adequate protection payments for continuing depreciation during the pendency of this case to the Farmers State Bank of Oakley in the amount of $137.00. This figure was arrived at by taking the depreciation figure of $3,700.00 and dividing by 27 months (July 1, 1983 to November 19, 1983), so that the debtors will continue to pay adequate protection at the same rate for all times since the filing of this case. The tractor is to be fully insured by the debtor with proof of insurance provided to the Farmers State Bank of Oakley within seventy-two (72) hours of April 7, 1986 and the adequate protection payments are to be made in cash by the last day of each month beginning in April of 1986 or a replacement lien which is satisfactory to the bank will have to be provided by the debtors. If the bank does not agree to what is offered by the debtors, then the bank is entitled to the cash payment by the last day of each month. If any of the payments are not made or if a replacement lien is not provided as provided for herein, or if the proof of insurance is not provided, the stay will be lifted and the bank is entitled to pick up the tractor without the necessity for further order of the Court.

The Farmers State Bank of Oakley is also entitled to the proceeds from the crops claimed by Mrs. Schroeder to be free of the bank's lien which are being held in trust by Mr. Turner. As noted above, the Court finds that Mrs. Schroeder's claim is not well founded.

The foregoing constitutes the Findings of Fact and Conclusions of Law in accordance with Bankruptcy Rule 7052.