In re Joseph E. BRYAN and Patricia Bryan, Debtors.

**Bankruptcy No. 7–90–02270 MA.**

United States Bankruptcy Court, D. New Mexico.

March 27, 1991.

John F. Caffrey, Albuquerque, N.M., for debtors.

Daniel J. Behles, Albuquerque, N.M., trustee.

MEMORANDUM OPINION

MARK B. McFEELEY, Chief Judge.

This matter came before the Court on the trustee's objection to the debtors' claim of exemptions. The parties agreed that there were no facts in dispute and that the Court could render a decision based solely on the briefs submitted by the parties. Having considered the briefs, the applicable law, and being otherwise fully informed and advised, the Court finds that the objec-

---

tion is well taken and should be sustained. An order denying the exemption will be entered.

## FACTS

Joseph E. Bryan is a medical doctor who maintains an office for his practice. Patricia Bryan manages her husband's office. Dr. Bryan claimed $1,500 worth of medical equipment as exempt pursuant to the New Mexico "tools of the trade" exemption statute. N.M.S.A. § 42–10–1 (Supp.1990). In addition to Dr. Bryan's exemption for tools of the trade, Mrs. Bryan claimed $1,500 exempt pursuant to the same statute. The trustee objected on the grounds that Mrs. Bryan was not entitled to a tools of the trade exemption on medical equipment because she is not a medical doctor. In response, Mrs. Bryan claims that she is due the exemption because of her community property interest in "all medical and office equipment that is attributable to all of the profits and increases of the medical practice of which she is office manager." Debtors' brief, 2.

## DISCUSSION

The New Mexico exemption statute for tools of the trade is entitled "Exemptions of married persons or heads of households" and provides:

> Personal property in the amount of five hundred dollars ($500), tools of the trade in the amount of fifteen hundred dollars ($1,500), ... is exempt from receivers or trustees in bankruptcy or other insolvency proceedings, fines, attachment, execution or foreclosure by a judgment creditor.

N.M.S.A. § 42–10–1 (1990 Supp.). The statute does not include language which would permit a debtor to claim a tools of the trade exemption for tools of a spouse's trade. Debtors' counsel has cited no New Mexico authority which would allow such a claim of exemption. This Court has previously ruled that under the federal exemption statute, a wife's tools of the trade exemption was improper where the tools were not used in her trade. *In re Terry*, No. 7–84–00185 MR (Aug. 20, 1984). The

law simply does not allow both spouses to claim an exemption in tools of the trade where only one spouse engages in the trade.

Courts have made it clear that for both spouses to be allowed an exemption in tools of the trade, each spouse must show that they engage in the trade. In *In re Jeffries*, the court disallowed the exemption for the wife.

> The creditor ... contends that the tool of the trade exemption may only be used by the artist debtor and not by both that debtor and his non-artist wife, with whom he filed bankruptcy. We agree. Only the debtor who uses the specified equipment in his trade can claim that exemption as a tool of the trade. The proposition is so obvious we need explain no further.

18 B.R. 682 (Bankr.W.D.Ky.1982). In *In re Dillon,* the court also disallowed an exemption in tools of the trade for the wife, finding that she had not shown that she actually had used or driven the cab-tractor in the trucking business. 18 B.R. 252, 255 (Bankr.E.D.Cal.1982). The husband was allowed the exemption. Where the debtors have shown that both spouses were engaged in the business, both spouses were entitled to the exemption. *In re Schroeder,* 62 B.R. 604 (Bankr.D.Kan.1986) (farming equipment). The line of cases is clear: both spouses must engage in the trade in order for each to claim the exemption.

The fact that New Mexico is a community property state does not alter what is required for each spouse to be entitled to the exemption. The debtors argue that because the medical practice was derived from the efforts of the husband during the marriage, it is community property in which the wife has an ownership interest and thus, both spouses should be able to claim an exemption in the office and medical equipment. The debtors' community property argument attempts to substitute an ownership interest for entitlement to an exemption. Just because a spouse has an ownership interest by operation of community property laws does not mean that the

spouse can claim exempt an item that is not provided for in the statute.

An exemption for tools of the trade should be allowed for the trade *of the person claiming the exemption.* To allow both spouses to claim an exemption in an item available for exemption by only one spouse would allow debtors to "stack" or double their exemptions. Such an interpretation would also unfairly discriminate against single debtors. This is not the intent of the statute. Therefore, Mrs. Bryan will not be allowed an exemption for medical equipment as tools of the trade because she is not engaged in the trade of medicine.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052. An appropriate order shall enter.